ALBERT J. SMITH, Respondent, v. JOHN BODINE et al., Appellants.

One who has no interest in the capital, or in the business of a firm, save that he is to receive a percentage of the net profits of the business for his services, is not, at least, as between himself and others interested in the profits, a partner.

An action at law is proper to recover for services rendered a co-partnership, under an agreement providing for a payment of a share of the net profits of the firm business as a compensation for the services; the fact that an accounting is necessary to ascertain the amount of the compensation does not require an equitable action, and plaintiff, not being a partner, could not bring such an action; an accounting is proper in the action at law, and the introduction of the requisite evidence does not change the nature of the action.

The M. B. and M. Co. v. Sears (45 N. Y., 797) ; Leggett v. Hyde 58 id., 272); Arnold v. Angell (62 id., 508), distinguished.

In such an action plaintiff claimed to recover for services during the years 1865, 1866 and 1867; the answer alleged that one of the defendants was

Statement of case.

not a member of the firm in the year 1867. During the trial a stipulation was entered on the minutes that the account of 1867 should be included, and subsequently evidence was given in relation thereto. It was claimed by defendants that the business of that year resulted in a loss; at about the close of the evidence defendants' counsel moved to amend their answer by setting up an agreement between the parties by which all were to share in the profits and losses for 1867; the motion was denied, with leave to plaintiff to withdraw his claim for that year, which he did, and the referee refused to consider the accounts for that year. *Held,* no error; that it was in the discretion of the court whether or not to grant the amendment; that it had power to make the order, which was not controlled by the stipulation; and that after the order the stipulation ceased to be binding.

(Argued April 15, 1878; decided May 28, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Wm. H. Arnoux,* for appellants. Excluding from consideration the stipulation between the parties, they had no right to proceed to an accounting. (*Pattison* v. *Blanchard,* 5 N. Y., 186; *Crater* v. *Bininger,* 45 id., 548; *Rainsford* v. *Rainsford,* 57 Barb., 58; *Worrall* v. *Grayson,* 1 M. & W., 166; *Short* v. *Barry,* 3 Lans., 143; *Cummings* v. *Morris,* 25 N. Y., 629; *Arnold* v. *Angell,* 62 id., 508; *Brown* v. *Leigh,* 49 id., 78, 82; *Bigelow* v. *Dunn,* 53 Barb., 570; *Diamond* v. *Winsburgh Ins. Co.,* 4 Daly, 494.) If the referee had a right to proceed to an accounting he had no right to allow an item not included in the complaint or recoverable in the same action. (*Brown* v. *Leigh,* 49 N. Y., 82; *Larned* v. *Hudson,* 57 id., 151.) The defendant John Bodine was a partner in the firm in 1867. (*Sage* v. *Sherman,* 2 N. Y., 418; *Holmes* v. *United Ins. Co.,* 2 J. Cas., 329; *Post* v. *Kimberly,* 9 J. R., 470.) The fact that the accounts of 1867 were received in evidence without objection made the trans-

actions of that year part of the issue. (*McKecknie* v. *Ward*, 58 N. Y., 541, 542; *McKnight* v. *Devlin*, 52 id., 399; *Jackson* v. *Van Slyke*, id., 645.)

*Edgar S. Van Winkle*, for respondent. The referee was correct in holding that the check of John Bodine for $1,397.63 was not received by plaintiff as a payment on account of the indebtedness to him of the former firm. (*Coles* v. *Sackett*, 1 Hill, 516; *Noll* v. *Murray*, 13 N. Y., 168; *Bates* v. *Rosekrans*, 37 id., 415; *Bradford* v. *Fox*, 38 id., 289; *Syr. R. R.* v. *Collins*, 57 id., 641.)

Miller, J. The action was brought to recover for services rendered by the plaintiff as a salesman of the defendants, for which the plaintiff was to receive a certain percentage of the profits realized from the business. The complaint embraces services for the years 1865, 1866 and 1867, but upon the trial, as will hereafter appear, the recovery was restricted to the accounts during the years 1865 and 1866.

The counsel for the appellants claims that the referee erred upon the trial in allowing an accounting to proceed between the parties. I think that the decision of the referee, and the proof introduced, did not constitute a variance from the pleadings, or change the cause of action, and that there was no error in this respect. The complaint was for a specific amount due the plaintiff upon contract. The defendants interposed by their answer a set-off of demands for moneys paid on account of the plaintiff's services, and for over-drafts of the plaintiff. This necessarily involved an examination of the accounts between the parties, for the purpose of determining the amount due the plaintiff for the salary claimed by him. In no other mode could the amount due the plaintiff have been ascertained, or the plaintiff establish his case. If the plaintiff had been a partner, then the action might properly have been brought in equity for an accounting; but we think that the plaintiff was not a partner, and the claim that he shared the profits and losses, and hence the

parties having this community of interest *inter sese* were partners, is not well founded. To constitute a partnership it is generally necessary that the parties should share in the profits and loss. (3 Kent, 23; *Pattison* v. *Blanchard*, 1 Seld., 186.) An agreement for sharing in the profits of a business is sufficient, in some cases, to establish a partnership, as to third persons. (*The Manhattan Brass and Manufacturing Co.* v. *Sears*, 45 N. Y., 797.) But the rule last stated does not apply where one is interested in the profits of the business as a means of compensation for services. (*Leggett et al.* v. *Hyde*, 58 N. Y., 272.) As stated in the last case cited, the exception to the general rule relates to any person who has no interest in the capital or business, and is to be remunerated for his services by a compensation from the profits or measured by the profits. It may also be remarked that the rule referred to only applies to third persons, and not to parties who, among themselves, are interested in the profits. In the case at bar, as the proof shows, the plaintiff's services were rendered under a special agreement, by which he was to receive for his services a certain percentage on the net profits, after deducting all expenses and interest on capital, whatever money might be due either of the partners at the end of the years, and all doubtful debts. As the plaintiff did not occupy the position of a partner, he was not bound to show an express promise, or a balance struck, or a liquidation of accounts, in order to maintain the action. His claim arose upon a contract for a specific percentage of the profits to be paid for his services. The fact that a statement of an account between him and the defendants was necessary to establish his claim did not require an equitable action, and the nature of the action was in no wise changed by the introduction of evidence showing how the accounts stood. The case of *Arnold* v. *Angell* (62 N. Y., 508), which was an action for an accounting, as between partners, where the plaintiff recovered, upon the trial, for a balance of loans and interest, it being found that no partnership existed and the judgment was reversed, has no application to the case at bar.

It was absolutely necessary, in order to prove the plaintiff's claim, to examine the partnership accounts, and not being a partner, the plaintiff could not institute an action in equity. The amount due the plaintiff could only be determined after showing the amount of profits, and deducting payments made. It may also be remarked that the answer of the defendants presented this very question, and it being a direct issue made by the pleadings, no amendment was required to justify the action of the referee.

It is also insisted that even if the referee had a right to proceed to an accounting, he was not authorized to allow any item therein not included in the complaint and not recoverable in the same action. This objection covers the amount loaned to the defendants during the years 1865 and 1866. It is a sufficient answer to this objection to say that the case does not show that this point was taken upon the trial, and hence it cannot be urged upon this appeal. Had the question been raised, the plaintiff might have asked leave to amend the complaint or to conform the pleadings to the proofs, and if such an application had been granted, the objection would have been entirely obviated.

A question is also made as to the accounts for the year 1867. The complaint embraced claims for services rendered by the plaintiff for the defendants during the years 1865, 1866 and 1867. The answer set up that John Bodine retired from the firm on the 1st day of January, 1867, and has not since been a member thereof. If John Bodine was not a partner in the year 1867, and the account of that year between the parties was not embraced in the action, and could not properly be ascertained and settled, the plaintiff could not claim for his services, nor were the defendants in a position to insist upon any counter-claim arising during the period last named. It appears, however, that during the progress of the trial before the referee an entry was made in the minutes in these words : " It was agreed by the parties that the account of 1867 shall be embraced in this matter, but in no event to go beyond the commencement of this

action." And subsequently evidence was given, without objection, as to the accounts during the year 1867, and it is claimed by the defendants' counsel that the business of that year resulted in a loss, and that such loss was a proper set-off to the plaintiff's demand. About the close of the testimony the defendants' counsel moved to amend the answer by inserting an allegation that for the year 1867 it was verbally agreed between all the parties to this action that the business should be conducted for that year in the name of two of the members of the old firm, as general partners, and that John Bodine and the plaintiff were to have a certain interest in the profits and losses, and to conform the pleadings to the proofs. This amendment was denied by the referee. A motion was then made to the court to amend the answer, as above stated, and the affidavits are conflicting as to what took place when the entry was made in the minutes to which reference has been had; but the motion was denied, with leave to the plaintiff to withdraw his claim for the year 1867, which the referee's report shows was done accordingly. It will be seen that the amendment referred to would vary the agreement, as alleged in the complaint; as proved by some of the testimony, and make the plaintiff liable for a proportional share of the losses during the year 1867, and thus introduce an entirely new issue in the case. Whether this should be done, under the circumstances, was a matter which depended upon the facts presented, and was clearly discretionary. The question of laches in making the motion in so late a stage of the trial, and a conflict in the affidavits, as to the truth of the amendment proposed were all subjects for consideration, as well as the circumstances attending the entry made in the minutes, which, as the pleadings stood, could not be construed to include a new and a different contract from that stated therein. There can be no question as to the power of the court to grant the order made upon the motion. As, however, it embraced an entirely new issue, not before presented by the pleadings, it had also a clear right to make such a disposition of the whole matter as was demanded by

the facts.　Nor was its authority controlled by the imperfect entry in the minutes, which related to the pleadings as they were at the time, and not to a new and different issue.　Such an entry could not bind the parties after an order had been made by the court, which covered the whole subject.　The order was final and conclusive, and could not be affected or avoided by any prior stipulations.　Such being the legitimate effect of the order made, it is not necessary to consider what would be the effect of the entry in the minutes, if the order had not been granted.

The allegation that the defendants were partners in 1867 does not include the plaintiff, and is also disposed of by the order.　Nor does any question of waiver arise because the defendants did not set up the mis-joinder in respect to the year 1867, in their answer.　The question whether the referee was bound to include the accounts for the year 1867, as well as some other points urged by the defendants' counsel, are also, we think, of no avail.　The answer to the suggestion last referred to is, that the referee was bound by the order of the court, and had no right to go beyond that, by deciding a matter which had been withdrawn from his jurisdiction.　The decision of the referee in not considering these accounts and disposing of them, upon the trial, presents no valid exception. There is no ground for the position that the plaintiff did not avail himself of the permission to withdraw the claim of 1867, as the report shows it was done, and is conclusive upon that question.

It is also urged that John Bodine was a partner in the firm in 1867.　He testifies that he retired from the concern on the last day of December, 1866, but that he and the plaintiff retained an interest of twenty per cent ; that both were partners in the profits and losses, and not in the business of the concern.　The plaintiff denies that he was to share the losses, and thus there is a contradiction as to the agreement, as testified to, and it is by no means clear that the fact sworn to by John Bodine is satisfactorily established. But it is immaterial, as this defense, which was embraced in

the amended answer, was not allowed, and as the accounts of 1867 were properly excluded, it can have no bearing on the case.

The referee properly allowed interest on moneys deposited by the plaintiff with the defendants during the years 1865 and 1866. He also allowed interest on the balance due the plaintiff at the close of the year 1865, up to December 31, 1866. As the moneys received by the plaintiff during the year 1866 far exceeded the moneys deposited and the profits to which the plaintiff was entitled during that year, we think that the defendants should be allowed interest on such moneys, which according to the defendants' books amounted to $194.76, which amount should be deducted with interest from the judgment.

We discover no error in any of the refusals to find as requested, or in any of the rulings of the referee, except as to the allowance of interest; and the result must be that, unless the plaintiff stipulates to deduct said interest, with the interest on the same from December 31, 1866, from the amount reported due by the referee, and the judgment as of the date of the referee's report, and that the same be modified accordingly, the judgment must be reversed and a new trial granted, with costs to abide the event.

If the plaintiff so stipulates, within twenty days after the filing of the remittitur, then the judgment is affirmed without costs of appeal to either party in this court.

All concur, except FOLGER, J., absent.

Judgment accordingly.