WILLIAM H. WRIGHT, Appellant, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

*Contract for the transportation of coal—when it does not make the parties liable as partners — what defects in the brake of a coal car do not render it dangerous to life — when the risk attendant upon his employment is assumed by an employee.*

The plaintiff, a brakeman in the employ of the New York and Oswego Midland Railroad Company, brought this action to recover damages for injuries sustained by his being thrown from a train of cars through the breaking of a brakebar which he was endeavoring to apply. The car upon which the plaintiff was working at the time of the accident was operated and run by the defendant, and had been delivered, with thirteen others, to the New York and Oswego Company under an agreement by which the latter undertook and agreed to transport over its road and branches the coal of the defendant at a stipulated price per ton per mile, and upon the further consideration of receiving a certain portion of the net proceeds of the coal.

*Held,* that the agreement did not make the two roads liable as partners, but that the New York and Oswego road was simply employed by the defendant to transport its coal, and that as there was no privity of contract between the plaintiff and the defendant the latter owed him no duty and was not liable for the injury he had sustained.

It was claimed by the plaintiff that the brake on the car was defective in its construction. The car was an open box car called a gondola, constructed solely for freighting coal; the defect in the brake was that the hole in the wheel was made flanging, or larger at the bottom than at the top, and that the rod passing through the same did not closely fit the hole, and that the rod was only five-eighths of an inch in diameter when it should have been at least eleven-sixteenths. It appeared that brakes constructed like the one in question were in frequent use, and that the plaintiff had used them and knew the manner in which they were made.

*Held,* that the action could not be sustained upon the ground that the car furnished by the defendant was improperly constructed, without due regard to safety in its use, and was imminently dangerous to human life.

That, as between the plaintiff and his employer, the former must be presumed to have assumed the risk attendant upon the use of the brake.

Appeal from an order denying a motion for a new trial, and from a judgment of nonsuit ordered at the Madison Circuit.

*Mason & Wellington* and *C. W. Underhill,* for the appellant.

*Smith, Moak & Buchanan,* for the respondent.

KENNEDY, J.:

Action to recover damages received by the plaintiff, charged to be occasioned by the negligence of the defendant.

The plaintiff on the 18th day of March, 1872, was engaged in the employ of the New York and Oswego Midland Railroad Company as brakeman, and had been in its employ in that capacity for three months prior to that date. His exact position was brakeman on a coal train, which ran over said railroad between Sidney Plains and the city of Oswego. He had been engaged in a similiar business upon other railroads since 1866, and was familiar with its nature, character and risks.

On the 18th day of March, 1872, and when a train composed of fourteen cars loaded with coal was about entering Earville, the plaintiff was called by whistle to apply brakes, and in doing this the brakebar broke, threw him under the cars, his leg was run over, and from the injury amputation became necessary, and the leg was so amputated below the knee.

Twelve of the fourteen cars were cars of the Albany and Susquehanna Railroad Company, which road was at the time being run and operated by the defendant, and the accident occurred upon one of these. These cars were new, and it is claimed by the plaintiff that the rod of the brake was improperly constructed, in that where it passed through the wheel it did not fit the hole, and the bar itself below the wheel was not of requisite size to bear the strain when the brake was applied. The defect, if any, was in the construction of the appliance.

On the 15th day of January, 1872, the defendant entered into a contract with the New York and Oswego Midland Railroad Company, by which, upon certain terms and conditions therein stated, it agreed to deliver to the said Midland company, at Sidney Plains, and said company undertook and agreed to transport over its road and branches, the coal of the defendant. The cars used in said business to be furnished and provided by both companies in the proportion and manner provided in said agreement, and said railroad company was to be paid by the defendant (the canal company) one cent per ton per mile for each and every ton so transported by the former company, and in addition the canal company was to pay to the railroad company a sum equal to the pro-

portion of the profits arising from the sale of the coal, to be ascertained as in said agreement provided. It was further agreed that the canal company should have the exclusive right, title, possession, direction and control of all the coal transported under the contract, and of the sale and disposition thereof. And it was especially stipulated that the net proceeds of said coal was to be ascertained merely for the purpose and as a means of fixing the additional compensation to be paid to said railroad company over and beyond the one cent per ton per mile.

The car upon which the accident occurred was one that was loaded by the defendant and delivered to the Midland road at Sidney Plains for transportation over its road, in pursuance of this agreement, and at the time of such accident was being run by it over its road under the care and management of its agents and employees, one of whom was the plaintiff.

From the contract aforesaid it is quite apparent that the parties thereto were not partners within any definition which the term has received, but instead the Midland railroad was simply an employee of the defendant for the transportation of its coal, for a consideration to be paid therefor ; the reference in said agreement to profit being for no other purpose than as a means or manner of ascertaining the amount to be paid the railroad over and beyond the one cent per ton per mile for the coal so to be transported by it. The terms used in reference to this excludes the idea of a partnership or joint interest. The language of the contract is : " And in addition, and as a further compensation, the canal company shall and will pay the railroad company such sum as shall be equal to the proportion of the net profits arising from the sale of coal so transported as aforesaid."

The Midland road was not interested in and did not receive a part of the profits as profits. Indeed, it received no part of them in any manner, and the case is not, therefore, within the principle of *Leggett* v. *Hyde* (58 N. Y., 272), or *Manhattan Brass Company* v. *Sears* (45 id., 797), or *Stroher* v. *Elting* (97 id., 102). In the latter case the receipts from the enterprise were to be divided between the parties, each sharing therein. The same remark is applicable to *Champion* v. *Bostwick* (18 Wend., 175). The principle applicable to the case in hand is within *Smith* v. *Bodine* (74 N. Y.,30) ; *Richardson* v. *Hughitt* (76 id., 55).

The decisions are uniform that an agreement to receive a certain percentage of profits as compensation for services, does not render the participators in profits liable to third persons as partners. (*Burckle* v. *Eckart*, 1 Denio, 337 ; *Lewis* v. *Greider*, 51 N. Y., 231 ; *Bradley* v. *White*, 10 Metc., 303 ; *Denny* v. *Cabot*, 6 id., 82 ; *Loomis* v. *Marshall*, 12 Conn., 69 ; *Edwards* v. *Tracy*, 62 Penn., 374 ; *Conklin* v. *Barton*, 43 Barb., 435 ; Story on Partnership, § 41.)

A contract between common carriers and a railroad company, that the latter shall transport goods received by the former over its road for a proportion of its freight does not constitute a partnership. (*Mohawk and Hudson R. R. Co.* v. *Niles*, 3 Hill, 162.)

There was, therefore, no privity of contract between the defendant and the plaintiff, and the former owed no duty to the latter, and was in no manner liable to the plaintiff, or responsible for any injury he might receive while in the employ of the railroad company, upon this ground.

In actions of this character the foundation of a right to recover rests upon contract. It is a part of the contract of employment implied, that the employer undertakes to furnish the employee suitable and safe machinery and implements to be used in the business of the master, and without this no obligation in this regard exists.

It is urged by the appellant that the defendant's liability may exist on the principle that outside and independent of any contract it should be charged in this case, because the car furnished by it was improperly constructed without due regard to safety in its use, and that it was, therefore, imminently dangerous to human life ; and that the case may be regarded as within the principle of *Thomas* v. *Winchester* (6 N. Y., 397) ; *Coughtry* v. *The Globe Woolen Company* (56 id., 124) ; *Devlin* v. *Smith* (89 id., 470).

The car was an open box car, called a gondola, and constructed solely for freighting coal ; and the precise defect in the structure of the brake complained of is that the hole in the wheel was made flanging, or larger at the bottom than the top ; and the rod passing through the same did not closely fit the hole ; that the rod below the wheel was only five-eighths of an inch in diameter, when it should have been, as plaintiff claims, at least eleven-sixteenths.

Assuming as we must that the structure of the brake was, as described, can it be said that it comes within the legal definition of

a piece of machinery or an implement so constructed as to be imminently dangerous to human life, and that the party who placed it in use is liable for any injury a third person may receive thereby. RUGGLES, C. J., in *Thomas* v. *Winchester* (*supra*), says: " If A build a wagon and sell it to B, who sells it to C, and C hires it to D, who in consequence of the gross negligence of A in building the wagon is overturned and injured, D cannot recover against A, the builder. A's obligation to build the wagon faithfully arises solely out of his contract with " B." The public have nothing to do with it." (See, also, *Loop et al.* v. *Litchfield and others*, 42 N. Y., 351.)

In this case it does not appear who built the car or how it came into the defendant's possession, but because there was a defect in constructing the brake, by which a third party might happen to receive an injury, while using it, furnishes no reason for charging the defendant with the consequences of such injury, because its construction, although negligently done by the builder, does not render it an instrument or implement imminently dangerous to human life. The car in question was an eight-wheel coal box car, about eighteen inches deep and intended to be and only used for the transportation of coal.

It appears from the evidence that brakes constructed in the manner and like the one in question were in frequent use; that the plaintiff used them and knew the manner they were made. Thus he says : " The brakes on the other cars in the train were about the same as that on this car, so far as I could discover ; they were Albany and Susquehanna gondolas ; the brakes were about the same as upon the cars when I was hurt ; when I applied those brakes I saw what they were ; saw their size and how they operated ; the new cars had been coming in from sometime in February and March ; I had been using the same size of cars and the same size rod all the time ; from about December sixteenth to March eighth, I had been using gondolas belonging to the road, with same size brake and wheel and rod. We sometimes had one-third or even two-thirds of the train of this class of cars ; I have used these brakes enough to be familiar with them and knew the size of the rod, wheel and standard."

There is no evidence showing that the brake rod in question was

not of sufficient size and strength for safety. The most that can be said is that if the rod had been larger it would have been stronger and less liable to break, and that some rods were in fact made larger. The witness will not say even that a five-eighth rod was not an approved size in 1872. It seems quite apparent, then, that the brake in question can upon no principle be regarded as an article or implement imminently dangerous to human life.

From the testimony it would seem that the plaintiff was fully acquainted with the structure of the brake and with its defects, if any existed, and that he continued in the employ of the Midland road, and to use these brakes with this knowledge. As between him and his employer, therefore, he must be presumed to have assumed the risk attendant upon its use, and is without remedy even against the railroad company. (*De Forest* v. *Jewett*, 19 Hun, 509; *Laning* v. *New York Central*, 49 N. Y., 521; *Gibson* v. *The Erie Railway Company*, 63 id., 449; *Evans* v. *Lake Shore and M. S. R. R. Co.*, 12 Hun, 289.)

The evidence of the plaintiff's knowledge is undisputed, and no complaint was made by him or notice given of the alleged defect to his employers or to the defendant.

The nonsuit was properly granted, and the order and judgment are affirmed, with costs.

Present — HARDIN, P. J., and KENNEDY, J.; FOLLETT, J., not sitting.

Judgment and order affirmed, with costs.