JOHN L. McCULLOUGH, Respondent, v. HARVEY L. PENCE, Appellant.

85h      271
j 70 AD ² 24
j 70 AD ² 25
j 70 AD ¹ 26
L 37 Mis²313
85h      271
78 AD²224
85h      271
84 AD²486

*Answer, after the overruling of a demurrer — objections to the maintenance of the action — jurisdiction of an accounting by equity courts.*

Where a defendant's demurrer to the complaint is overruled, and thereafter, by permission of the court, the defendant answers, by answering the demurrer is withdrawn and it no longer properly forms any part of the record, and the defendant may raise any objections to the maintenance of the action which he did not waive by answering.

It is not of every action, in which it is necessary to take an account, that equity has jurisdiction. There must be something more than the mere right to an

accounting. It would seem that there must exist some trust or fiduciary relation in order to justify a resort to courts of equity or a decree for an accounting, and the existence of a bare agency is not sufficient.

APPEAL by the defendant, Harvey L. Pence, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of April, 1894, upon the decision of the court rendered at the New York Special Term adjudging that the plaintiff is entitled to an accounting and referring the matter to a referee to take an account, and also from the final judgment in favor of the plaintiff, entered in said clerk's office on the 28th day of November, 1894, upon the coming in of said referee's report.

*John H. Parsons*, for the appellant.

*William C. Reddy*, for the respondent.

VAN BRUNT, P. J.:

The complaint in this action alleged that the plaintiff was the owner of a one-sixth interest or share in certain letters patent, and that defendant had the right of sale under said letters patent upon payment of certain royalties, one-sixth of which belonged to plaintiff, and that defendant had made large sales of patented articles and had made a payment to plaintiff on account of his interest; that the amount of sales was unknown to plaintiff, but that the plaintiff had been informed and believed that they had been very extensive; that an account had been requested, but the defendant had refused to so account, and had not made any account since a date in said complaint mentioned.

Judgment is prayed for an accounting and for judgment for the amount found due. The defendant demurred to this complaint upon the ground of defect of parties, improper union of causes of action, and that the complaint did not state facts sufficient to constitute a cause of action. That demurrer was overruled and defendant given leave to amend.

The defendant availed himself of leave to amend and answered, denying knowledge of assignment, and averring willingness to pay ten dollars, which amount the royalties did not exceed.

The issues thus raised came up for trial at a Special Term. The

defendant claimed trial by jury, which, being denied, the defendant moved to dismiss the complaint upon the ground that it did not state any cause of action of equitable cognizance, which motion was renewed at the close of the case. These motions being denied and exceptions duly taken the trial proceeded and resulted in an interlocutory judgment referring it to a referee to take and state the account. The referee reported seven dollars and twenty-three cents due at the time of the commencement of the action and sixteen dollars and twenty-nine cents due at the time of trial. Judgment was entered upon the referee's report for said sum of sixteen dollars and twenty-nine cents and one hundred and forty dollars and thirty cents costs. From this judgment and the interlocutory judgment this appeal is taken.

It is urged by the appellant that the motion to dismiss the complaint should have been granted, because the facts proved did not constitute a cause of action in equity for an accounting. In reply the respondent claims that the plaintiff's right to bring this action for an accounting was determined and became *res adjudicata* on the decision of the demurrer. Several cases are cited to support this proposition, but an examination of them seems to show that the contrary is the rule. By answering the defendant has withdrawn his demurrer, and it no longer properly forms any part of the record. This was distinctly held in the case of *Brown* v. *Saratoga R. R. Co.* (18 N. Y. 495). The defendant, therefore, could raise any objections to the maintenance of the action which he did not waive by answering, the general ground against maintaining the action being one.

It is not of every action in which it is necessary to take an account that equity has jurisdiction. There must be something more than the mere right to an account. It would seem that there must be some trust or fiduciary relation between the parties in order to justify a resort to a court of equity or a decree for an accounting. Even the existence of a bare agency is not sufficient. (*Marvin* v. *Brooks*, 94 N. Y. 71.) In the case at bar there was not the semblance of any trust. The action is brought to enforce a mere contract obligation to pay royalties, and the only final judgment would be a money judgment.

The defendant, in an action at law, could have a reference to take the accounts, if necessary, and, if a discovery was needed, an examination before trial was open.

We think that the judgments should be reversed and new trial ordered, with costs to appellant to abide event.

PARKER and O'BRIEN, JJ., concurred.

Judgments reversed, new trial ordered, costs to appellant to abide event.