## CHAURANT v. MAILLARD.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. ACCOUNTING—PRINCIPAL AND AGENT—STATUTES—BURDEN OF PROOF.
   No such relation existed between an agent claiming commissions due him and his principal as entitled the agent to an accounting.
2. SAME—STATUTES—RELIEF—JUDGMENT.
   Under Code Civ. Proc. § 1207, declaring that, where there is an answer, the court may permit the plaintiff to take any judgment not inconsistent with the complaint made by the case and embraced within the issues, where an agent claiming commissions from his principal improperly sued for an accounting instead of an action at law, and the complaint alleged facts showing plaintiff entitled to maintain an action at law, and an answer was interposed, plaintiff was entitled to a judgment for any amount shown to have been due him.
3. SAME—BURDEN OF PROOF.
   Where an agent claiming commissions to be due him from his principal improperly brought proceedings for an accounting instead of an action at law, the burden of proof was nevertheless on the plaintiff to show that a sum was due him from defendant.

Appeal from judgment on report of referee.

Action by Henry Chaurant against Henry Maillard. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

W. C. Beecher, for appellant.

Edward Kaufmann, for respondent.

INGRAHAM, J. The complaint in this action alleges the making of a contract between the plaintiff and the defendant, whereby the plaintiff was employed as a traveling salesman, and was to have a commission on all sales made by him, and for all orders other than sales made by him received by the defendant, either by correspondence or by any other way, from all the trade residing within the cities visited by the plaintiff; that the defendant has not paid to the plaintiff the full amount of the said commissions; and the complaint demands judgment that the defendant account for all sales made in his behalf by the plaintiff, and pay to the plaintiff such sums as should be found due to him, with interest thereon. The defendant, by his answer, admits the making of the contract, alleges an account stated and payment, and a counterclaim to which the plaintiff replied. After the action was at issue, on consent of the parties all of the issues were referred to a referee to hear and determine. The referee found the making of the contract; that the plaintiff had failed to prove the amount of sales made by him received by the said defendant, either by correspondence or by any other way, from all the trade residing within the cities visited by the plaintiff in the year 1886; that the plaintiff had withdrawn all claim to commissions earned by him in the year 1895; and, as a conclusion of law, that the plaintiff had a complete, ample, and adequate remedy at law,—and dismissed the complaint. The report of the referee stated the facts found and the conclusions of law separately. There was no finding as to the amount that the plaintiff had earned under his contract, nor of payment by the defendant, and upon the trial the defendant's counterclaim does not seem to have been insisted upon. Upon the trial it appeared that by the order of the referee the defendant assumed the affirmative, and offered as evidence the defendant's ledger, and proved that a statement was made and delivered to the plaintiff, which was introduced in evidence. That statement was not printed, but a summary of it is printed, from which it appears that the total amount of plaintiff's commissions to January 1, 1887, with additional commissions for 1885, was $7,726.66, less debit items aggregating $7,586.31, leaving a balance due plaintiff of $140.45. There was no evidence that this balance had been paid, and nothing showing that it was incorrect. There was considerable evidence as to the account as it appears, but I cannot find that there is anything to impeach the correctness of this account prepared by the defendant over five months after the contract had terminated, and furnished to the plaintiff. It was then agreed between the parties that the plaintiff should withdraw all claims for commissions for the year 1885, and that the defendant should admit that the account was not settled for the year 1886, the defendant waiving the defense of accord and satisfaction for that year. The plaintiff then introduced in evidence a statement taken from the defendant's ledger, a summary of which was introduced in evidence. From that it would appear that the total sales made by the plaintiff to his customers, or for which he was entitled to commissions, was $211,644.55, while the total sales set out in the defendant's account dated June 8, 1887, before referred to, was $140,-

134.24. As I understand it, upon this testimony the plaintiff would be entitled to judgment against the defendant for at least $140.45. The defendant undertook to explain this account, and there was evidence of goods returned by the customers of the house, difference in prices, and deductions allowed; but none of these, so far as appears, related to the commissions that were included in the account of June 8, 1887. The action in the form in which it was brought, asking that the defendant be required to account, could not be maintained. The plaintiff's cause of action, if any, was an action at law to recover the amount due to him from the defendant under his contract. No relations existed between the plaintiff and the defendant which entitled the plaintiff to an accounting. The plaintiff, however, having alleged the facts necessary to maintain an action at law for the amount due under the contract, and the defendant having interposed an answer to the complaint under section 1207 of the Code, the plaintiff was entitled to take any judgment consistent with the case made by the complaint and embraced within the issues. The parties consented to try the issues before a referee, and there was no question as to the right of a trial by a jury; and the burden of proof was upon the plaintiff, not, as assumed by the referee, upon the defendant. The plaintiff was required to prove by a preponderance of evidence that under his contract with the defendant he was entitled to a judgment for a sum of money, and, although the defendant assumed the affirmative upon the issues, the case seems to have been tried between the parties without much regard to the form of the action, and all evidence offered by either party relevant to the issues seems to have been accepted and considered by the referee, and upon the facts as proved the plaintiff was at least entitled to a judgment for $140.45.

The judgment must therefore be reversed, and a new trial ordered, with costs to the plaintiff to abide the event. All concur.