ARTHUR W. HART, Appellant, *v.* L. D. GARRETT COMPANY, Respondent.

*Agreement by a broker to pay a percentage of the commissions, earned by him on a sale, to a party procuring a customer — an action to recover such percentage is an action at law.*

The complaint in an action alleged that the plaintiff entered into a contract with the defendant, by which the latter agreed to pay him one-fifth of the net profits realized by the defendant on a sale of the stock of an insurance company to a purchaser procured by the plaintiff; that the plaintiff did procure a purchaser of the stock of the said insurance company and that the sale was consummated resulting in a net profit to the defendant of about $140,000; that thereafter the defendant paid the plaintiff $6,500 on account, and that thereupon the parties entered into the following agreement: "Received upon within contract the sum of six thousand and five hundred dollars ($6,500). The balance under this contract, if any, found to be due, shall be determined and paid to the within named A. W. Hart within (90) ninety days from the date hereof by said L. D. Garrett Co., the said A. W. Hart reserving all his rights under this contract."

The complaint further alleged that after the lapse of ninety days from the making of the last-mentioned contract, the plaintiff demanded payment of the balance "due him as aforesaid," but that the same was not paid and that there remains due and owing to the plaintiff the sum of $21,500, together with interest.

*Held,* that the action was one at law and not one in equity; that the plaintiff could not, either under the original agreement, or under the new agreement, maintain an action in equity for an accounting.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Arthur W. Hart, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 21st day of October, 1903, striking the above-entitled cause from the calendar.

*William B. Ellison,* for the appellant.

*Lewis L. Delafield,* for the respondent.

LAUGHLIN, J.:

The only ground upon which this motion was based is that this is a suit in equity and not an action at law. We are of opinion that the plaintiff was entitled to a jury trial of the issues upon the ground that this is an action at law. It is alleged in the complaint that the defendant contracted in writing with the plaintiff to pay him one-fifth of the net profits realized by the defendant on a sale of any insurance company or any insurance company's stock to a purchaser procured by the plaintiff, such payment to be made as soon as the defendant received its compensation or commission for effecting the same, provided that if defendant was not paid in cash it was to pay the plaintiff in cash less the usual bank discount for the period of credit which it was obliged to extend; that the plaintiff did procure a purchaser for the stock of the Orient Fire Insurance Company of Hartford, Conn.; that the sale was consummated and defendant realized a net profit thereon of about $140,000; that thereafter the defendant paid the plaintiff $6,500 on account and thereupon the parties for a good and valuable consideration entered into an agreement, in words and figures following:

"Received upon within contract the sum of six thousand and five hundred dollars ($6,500). The balance under this contract, if any, found to be due, shall be determined and paid to the within named A. W. Hart within (90) ninety days from the date hereof by said L. D. Garrett Co., the said A. W. Hart reserving all his rights under this contract.

"NEW YORK, *June 25th,* 1900.

"A. W. HART,
"L. D. GARRETT CO.,
"by L. D. GARRETT, *Prest."*

That after the lapse of ninety days from the making of the last-mentioned contract and prior to the commencement of the action the plaintiff demanded payment of the balance " due him as aforesaid," but that the same was not paid and there remains due and owing to the plaintiff the sum of $21,500, together with interest.

It is clear that the original contract constituted an agreement on the part of the defendant to compensate the plaintiff for his services in procuring a purchaser for the insurance company or its stock, the compensation to be determined by a proportion of the commissions received by the defendant after deducting its expenses. The parties were not partners and there was no joint venture. The plaintiff had no direct interest in the commissions or compensation to be received by the defendant. Such commissions or compensation merely served as a basis for determining the amount that plaintiff was to receive for his services. In these circumstances a suit in equity for an accounting would not lie and the plaintiff's remedy is an action at law. (*Smith* v. *Bodine*, 74 N. Y. 30; *McCullough* v. *Pence*, 85 Hun, 271; *Chaurant* v. *Maillard*, 56 App. Div. 11; *Lee* v. *Washburn*, 80 id. 410; *Everett* v. *De Fontaine*, 78 id. 219; *Schantz* v. *Oakman*, 163 N. Y. 148.) Indeed the learned counsel for respondent concedes that under the original agreement the plaintiff could maintain an action at law, but he contends that the receipt herein quoted constituted a new agreement which renders an accounting necessary. Although the receipt seems to have been prepared with considerable formality, we find therein no waiver or cancellation of any right the plaintiff had under the original agreement, except an extension of time for the payment of the balance owing to him. Upon default in making such payment within ninety days the plaintiff was at liberty to proceed by an action at law upon the original contract. It will be essential for the plaintiff to prove the commissions or compensation received by the defendant and the necessary expenses which it is entitled to deduct in arriving at a balance upon which the amount of his compensation may be computed, but this in no sense constitutes an equitable accounting. It is the mere proving of an account as a basis for a recovery in an action at law.

It follows, therefore, that the court erred in striking the cause from the jury calendar, and the order should be reversed, with ten

dollars costs and disbursements, and the motion denied, with ten dollars costs.

PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. The prayer for judgment was for equitable relief.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.