served, but by inadvertence was not submitted to the court. It is manifest that, had plaintiff's reply been before the court on the original motion, a bill of particulars would properly have been ordered in large part as asked for. The plaintiff was entitled to know the names of the stocks or other securities claimed to have been purchased by defendant for the plaintiff, and the amounts and times of purchase or sale, and from or through whom bought, or to and through whom sold, and the time and manner of plaintiff's direction to defendants respecting such stocks, the times of defendants' reports to plaintiff, and the manner and times of plaintiff's confirmation or approval of the same. All these were matters of record in defendants' office, or, if not, were more peculiarly within defendants' knowledge than in that of plaintiff.

Under the circumstances leave to renew the motion should have been granted, and the order denying the same must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(55 Misc. Rep. 454)

WATTS v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES.

(Supreme Court, Special Term, Orange County. June 29, 1907.)

INSURANCE—ACTION FOR SHARE OF PROFITS—ACCOUNTING—PLEADING.

In an action against a life insurance company the complaint alleged that plaintiff was the holder of a semi tontine policy by which defendant agreed to pay plaintiff at the expiration of a certain period a specified sum of money, and also agreed to then apportion equitably among such of its policies of the same class as that held by plaintiff as should complete their tontine dividend periods all surplus of profits derived from such policies, and alleged on information and belief that the defendant wrongfully and unlawfully neglected to determine the just and equitable proportion of the assets which were to be allotted to him, and arbitrarily and unjustly fixed plaintiff's share at a sum less than that to which he was equitably entitled, and an accounting was sought. Held, that the complaint failed to state a cause of action in equity, and that the plaintiff had an adequate remedy at law for the alleged breach of contract.

Action by Thomas Watts against the Equitable Life Assurance Society of the United States. Demurrer to the complaint sustained.

John Bright, for plaintiff.
Alexander & Green (Charles W. Pierson, of counsel), for defendant.

TOMPKINS, J. The plaintiff is the holder of a semitontine insurance policy, by which policy the defendant agreed, in consideration of a certain yearly premium, to pay to the plaintiff at the expiration of 20 years a certain sum of money, provided the policy had not sooner lapsed, or had been terminated by death, and also agreed at the expiration of that period that it would apportion equitably among such of its policies of the same class as that held by plaintiff as should complete their tontine dividend periods all surplus of profits derived from such of its policies on the semitontine plan as should not be in force at the date of the completion of their respective tontine periods.

The complaint sets forth the substance of the insurance policy, and alleges that the plaintiff has complied with all its terms and conditions, and then alleges upon information and belief that the defendant wrongfully and unlawfully neglected to determine the just and equitable proportion of the assets which were, under the terms of the said policy, to be allotted to him, and arbitrarily and unjustly fixed plaintiff's share at a sum less than that to which he is equitably entitled, and that defendant during the continuance of said policy wrongfully appropriated the surplus of profits derived from policies on the same plan as that of plaintiff's, and diverted them to wrongful and illegal purposes, and has improperly, and with intent to deprive plaintiff of the profit to which he is entitled, withheld and passed into the accumulated reserve, and in bad faith withheld and refused to distribute, amounts greatly in excess of those sufficient to secure the safety of its policy holders, and asks that the defendant be ordered to account to the plaintiff for its transactions affecting the said policy, and that it be directed to pay to plaintiff the sum found to be due thereupon. The defendant demurs to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action; and the question presented is whether the plaintiff can maintain a suit in equity for an accounting.

The law seems to be well settled that no trust relations exist between a life insurance company and a policy holder. The company agrees by its policy to pay a sum of money to the assured in consideration of the payment by him of fixed premiums. For a breach of the contract by the company the assured may recover in an action at law. An action in equity for an accounting will not lie. The application made by the policy holder to the company, and the policy of insurance issued by the company, constitute an ordinary contract between the parties, governed by the general rules regulating contracts, and it has always been held that, to entitle a party to an accounting in equity, there must exist some trust or fiduciary relation. Everson v. Equitable Life (C. C.) 68 Fed. 258, affirmed 71 Fed. 570, 18 C. C. A. 251; Hunton v. Equitable Life (C. C.) 45 Fed. 661; St. John v. American Mutual Life Insurance Co., 13 N. Y. 31, 64 Am. Dec. 529; Cohen v. Mutual Ins. Co., 50 N. Y. 610, 10 Am. Rep. 522; People v. Security Life Ins. Co., 78 N. Y. 114, 34 Am. Rep. 522; Uhlmann v. N. Y. Life Ins. Co., 109 N. Y. 421, 17 N. E. 363, 4 Am. St. Rep. 482; Taylor v. Charter Oak Life Ins. Co., 9 Daly, 489, affirmed 8 Abb. N. C. 331; Bewley v. Equitable Life, 61 How. Prac. 344; Buford v. Equitable Life (Sup.) 98 N. Y. Supp. 152; Pierce v. Equitable Life, 145 Mass. 56, 12 N. E. 858, 1 Am. St. Rep. 433.

Plaintiff relies upon the case of Uhlmann v. N. Y. Life Ins. Co., 109 N. Y. 421, 17 N. E. 363, 4 Am. St. Rep. 482; but I do not think that the decision in that case bears the construction sought to be placed upon it by the plaintiff's counsel. In the first place, the court held squarely in that case that it cannot be said that a life insurance company is in any sense a trustee of any particular fund for the plaintiff, or that it acts as to him and in relation to any such fund in a fiduciary capacity, and that the holder of a policy of insurance, even in a mutual company, is in no sense a partner of the corporation

which issued the policy, and that the relation between the policy holder and the company was one of contract, measured by the terms of the policy, and that upon the payment of the premiums by the various policy holders embraced in the tontine class the money immediately becomes the property of the company, and no title thereto remains in any of the policy holders, and that the situation of the parties is that of debtor and creditor simply; the amount of such debt being determinable by this equitable apportionment, which, taking the language of the policy into consideration, necessarily means that the apportionment is to be made by the corporation through its officers. The court, however, in the Uhlmann Case, after holding that there was no trust relation, and that an action for an accounting in that particular case would not lie, by way of dictum said, in substance, that the apportionment made by the company, while prima facie to be regarded as the apportionment called for by the contract, was not absolute, and at all events conclusive upon the policy holder, and also said that:

"The question is still left: Has or has it not complied with its agreement to make an equitable apportionment? And the plaintiff and all others similarly situated have the right, upon the proper allegations of fact showing that the apportionment made by the defendant is not equitable or has been passed upon erroneous principles, to have a trial, and make proof of such allegations."

Undoubtedly the policy holder has a right of action for a breach of the contract, if the complaint alleges facts showing a breach thereof; but the court does not hold in the Uhlmann Case that that remedy is by an action in equity, while all of the cases both before and since the Uhlmann Case, have held that a suit in equity cannot be maintained unless some trust or fiduciary relation exists between the parties. Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975; Salter v. Ham, 31 N. Y. 321; McCollough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986; Hart v. Garrett Co., 87 App. Div. 536, 84 N. Y. Supp. 774; Moore v. Coyne, 113 App. Div. 52, 98 N. Y. Supp. 892; Insurance Co. v. Bailey, 13 Wall. (U. S.) 616, 20 L. Ed. 501; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451; London Guarantee & Accident Co. v. Doyle (C. C.) 130 Fed. 719.

Besides, the complaint in this case fails to state facts showing that the apportionment made by the defendant is not equitable, or has been based upon erroneous principles. At the most only conclusions are stated. Nor are there any facts stated showing fraud or misconduct on the part of the defendant. And these omissions seem to me to clearly distinguish the case at bar from the dictum of the Uhlmann Case, even if it is to be construed as giving a right to equitable relief in such a case, and also distinguishes the case at bar from the case of Brown v. Equitable Life Assurance Society (C. C. A.) 151 Fed. 1, which was an action brought by the plaintiff on behalf of himself and all other policy holders of the defendant, for the purpose, among other things, to account, and an adjustment of accounts, as between the company and its various policy holders; and the court, in sustaining the plaintiff's right to bring that action, said that the complaint was—

"replete with specific circumstantial allegations of the precise facts con-stituting the fraud, waste, and mismanagement complained of, in connection with a detailed showing either of direct loss of funds or of illegal and un-authorized diversion and misappropriation of a considerable share of profit belonging to defendant, and of further waste and mismanagement by the payment of salaries originally excessive and unwarrantably increased, and of improper investments of and failures to invest the funds of defendant, particularly set forth in detail, all resulting in perpetration of wrongs on the policy holders through violation of defendant's obligations to them."

The complaint in this case is barren of any such allegations of fact. My conclusion is that the complaint fails to state a cause of action in equity, and that the plaintiff has an adequate remedy at law for the alleged breach of contract, and that the demurrer should be sustained, with leave to the plaintiff to serve an amended complaint within 20 days, upon the payment of costs.