VOICLY v. AIELLO et al.

(Supreme Court, Appellate Term. January 27, 1910.)

1. ACTION (§ 25*)—NATURE OF ACTION—LEGAL OR EQUITABLE—ACCOUNTING TO DETERMINE AMOUNT DUE.

An action for services under an agreement to measure compensation by defendants' profits would not be one for an accounting simply because accounts had to be gone into to determine the profits.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 137; Dec. Dig. § 25.*]

2. COURTS (§ 189*)—EXAMINATION OF PARTY BEFORE TRIAL—JURISDICTION OF CITY COURT.

Code Civ. Proc. § 827, allowing the appointment of a referee to take the examination of a party before trial, is expressly made inapplicable to the City Court of New York City by section 3160, and that court has no power to make such a reference.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from City Court of New York, Special Term.

Action by Constantine Voicly against Frank Aiello and another. From an order granting a motion to reopen an examination of defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ants before trial, and appointing a referee to take their further testimony, defendants appeal. Modified and affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Andrew S. Fraser, for appellants.

Cass & Apfel, for respondent.

GIEGERICH, J. The order appealed from directed that an examination of the defendants before trial, theretofore had, be reopened, and that the defendants be examined concerning further matters specified in the order, and that, for that purpose, they appear before an attorney at law designated in the order, and who was thereby appointed a referee to take their deposition.

The appellants urge that the action is in equity, and that the City Court of the City of New York was consequently without jurisdiction of the action and had no power to make any order for the examination of the defendants. Before such an objection could be properly considered, and certainly before it could be sustained, it would be necessary to have the complaint before us. Although the notice of motion recites the complaint as one of the papers upon which the motion would be made, the order does not recite it among the papers read by the court and upon which the order was made, and it consequently does not appear in the record. It would seem, however, from the statement of the case in the moving affidavits, that the action was one at law to recover a sum of money as compensation for services rendered, and that, although the compensation was to be measured by the defendants' profits in the steamship business in which they were engaged, there was nothing in the nature of a partnership or joint venture between the parties. The mere fact that accounts had to be gone into in order to determine the profits did not make the action one for an accounting. Smith v. Bodine, 74 N. Y. 30; Hart v. Garrett Co., 87 App. Div. 536, 84 N. Y. Supp. 774; Lindner v. Starin, 128 App. Div. 664, 113 N. Y. Supp. 201.

Another point urged by the appellants seems to be well taken. Although neither of the parties appear to have requested or suggested the appointment of a referee to take the examination, the court, of its own motion, directed a reference. The City Court of the City of New York, however, is without power to appoint a referee to take the examination of a party before trial. References of that character are authorized by section 827 of the Code of Civil Procedure; but by section 3160 of the same Code it is provided that that section does not apply to an action in the City Court of the City of New York.

The order should be modified by striking out so much thereof as appoints a referee to take the examination, and by substituting a provision that the defendants appear at Special Term of the City Court of the City of New York for examination at a time to be fixed on the settlement of the order.

The order should be modified as indicated, and, as modified, affirmed, without costs. Settle order on notice. All concur.