(90 Misc. Rep. 275)

## GEDNEY v. PLANTEN.

(Supreme Court, Appellate Term, First Department. May 21, 1915.)

COURTS ⊂⊃189—EXAMINATION OF PARTY BEFORE TRIAL—JURISDICTION OF CITY COURT.

By express provision of Code Civ. Proc. §§ 870, 873, a justice of the City Court of the City of New York is given power to order that an examination of a party before trial be had before a referee, and to appoint a referee for that purpose.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⊂⊃189.]

Appeal from City Court of New York, Special Term.

Action by James W. Gedney against Hermanus R. Planten. From an order denying defendant's motion to set aside an order for the examination of defendant before trial, and appointing a referee to take his testimony, defendant appeals. Affirmed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Atwater & Cruikshank, of New York City (Edward L. Blackman, of New York City, of counsel), for appellant.

May & Jacobson, of New York City (I. N. Jacobson, of New York City, of counsel), for respondent.

WHITAKER, J. Plaintiff procured an order from a justice of the City Court of the City of New York for defendant's examination before trial. This order required defendant to appear before a referee for that purpose. Defendant moved to vacate the order, first upon the ground that the justice of the City Court had no power to appoint a referee before whom plaintiff's testimony should be taken, and also upon the ground that the moving papers were defective and wholly insufficient upon which to base the order for plaintiff's examination.

As to the first ground of defendant's objection, a justice of the City Court of the City of New York is expressly given power to order that an examination before trial be had before a referee and to appoint a referee for that purpose. Code of Civil Procedure, §§ 870, 873. If the City Court of the City of New York did not possess power to appoint a referee in such cases, examinations in actions pending in that court could only be taken in the county of New York. Code of Civil Procedure, § 886. It is true that this court has expressly decided that the justices of the City Court have no power to appoint referees in such cases. Voicly v. Aiello, 65 Misc. Rep. 539, 120 N. Y. Supp. 913. This decision, however, was clearly erroneous, and was based upon the theory that the power of the court to appoint referees to take the examinations of parties before trial emanated from section 827 of the Code of Civil Procedure. This section authorizes the appointment of referees in miscellaneous cases, and section 3160 expressly provides that it shall not apply to the City Court of the City of New York. But, as before stated, section 873 is applicable to the City Court of the City

of New York, and expressly authorizes the City Court of the City of New York to appoint referees to take the examination of parties before trial.

As to the second ground urged by the appellant, that the moving papers upon which the order was based were defective and insufficient, an examination of them does not disclose any such defect or insufficiency as would warrant the vacation of the order. The subject-matter disclosed by the papers upon which plaintiff desires to examine defendant has been recognized by high judicial authority as matter upon which defendant may be examined before trial. Mason v. N. Y. Review Publishing Co., 154 App. Div. 651, 139 N. Y. Supp. 639; Guenther v. Ridgway Co., 159 App. Div. 74, 143 N. Y. Supp. 961.

Order of City Court of the City of New York, denying motion to vacate the order, should be affirmed, with $10 costs and disbursements. All concur.