WILLIAM COLEMAN AND OTHERS, APPELLANTS, *v.* THE
SECOND AVENUE RAILROAD CO., RESPONDENTS.

*Corporation—Directors as Grantors—Limitation of Action.*

Where a majority of the directors of the company are grantees of the
franchises of the company, they cannot buy of themselves the grant for the
company, nor can they create, renew, or continue a debt against the company
to themselves, by passing resolutions as directors.

*J. W. Edmonds* and *J. H. Reynolds,* for Appellants.
*John Slosson, Wm. Allen,* and *Waldo Hutchins,* for Respond-
ents.

GROVER, J.—It appears from the order reversing the judgment
and ordering a new trial, made by the General Term of the Su-
preme Court, that it was made upon both questions of fact and
law. The Code (§ 268) makes it the duty of this Court, upon the
appeal, therefore, to determine whether it was correctly made
upon either ground.

In 1852, when the grant was made to the Plaintiffs and their
assignors, the Mayor and Common Council of the city of New
York had no power to make the grant in question (Milhau *v.*
Sharp, 27 N. Y. 611, and cases cited). The grant or license was
therefore void and of no value.

The railroad was constructed, not by the grantees, but by the
corporation (Defendants). Section 3 of the act relative to the
construction of railroads in cities (Laws of 1854, 324) makes valid
such grants only in favor of such parties and their assigns as have
constructed the roads in whole or in part; and such parties only
and their assigns are authorized to continue the use of the road
upon the route specified in the grant.

The Plaintiffs and their assignors not having constructed any
part of the railroad, it is difficult to see how this legislative con-
firmation of the grant could enure to their benefit. The grant

not having been made to the corporation by which the road had been constructed, the confirmation would not enure to its benefit, unless they had become the assignees of the city grantees prior to the passage of the act.

From the evidence it would appear that this was probably the case; but this question is not necessarily involved in the decision of this case, and I shall not examine or determine it. The question in this case is simply whether the Plaintiffs are entitled to recover of the Defendant the two hundred thousand dollars, and the interest thereon, for which the referee gave judgment in their favor. We commence this inquiry with the fact appearing that, at the time the Defendant was incorporated and commenced the construction of the road, the Plaintiffs and their assignors had not any grant, license, or franchise of any validity or value.

The Defendant was incorporated for the express purpose of constructing and operating this road upon the route specified in the grant by the city, upon the terms and according to the conditions required by the city upon making the grant, and to which the grantees agreed, and with which they were bound to comply.

The grantees all became corporators, and a majority of the directors at the incorporation of the company were grantees; and these constituted such majority until 1856. The grant from the city was at the time undoubtedly considered valid. Money was necessary to construct and equip the road, and for this purpose subscriptions for stock were made by the grantees and others.

That others should subscribe for stock in a company formed to construct and operate this road, with a belief that the grantees, as individuals, had the sole right to do either, and that they could exclude the company from all use of the road, except upon terms thereinafter to be prescribed by them, is possible, but hardly supposable.

That the grantees' directors, acting as directors, and composing a majority of the board, could not make a bargain with themselves, as individuals, binding upon the company to purchase their grant upon the terms fixed by them as directors, is a point already determined by this Court in Butts *v.* Wood, 37 N. Y. R. 317.

If they could not, as directors, make such a contract obligatory upon the company, they could not by their acts as a board bind the company to pay them any specified sum for their grant. If right in this, it follows that the Supreme Court were right in reversing the judgment of the referee; for that judgment can only be sustained upon the ground that this majority of directors, being grantees, had bound the company to them and their associate grantees to pay two hundred thousand dollars as the purchase-price of their grant.

I also think the Statute of Limitations was a bar to the Plaintiffs' action. The grantees made a conveyance of the grant to the company more than six years before the commencement of this action. That conveyance was by an instrument, *under seal;* and it is claimed by the counsel for the Plaintiffs that this brings the case within the limitation of twenty years—the time prescribed for the commencement of actions upon sealed instruments. But the action is not upon the instrument. That contains no covenant on the part of the company to pay the Plaintiffs or their assignors anything.

The action is upon the promise of the company, express or implied, to pay in consideration of the conveyance. This clearly falls within the six-year limitation. ,

It is also claimed that the resolution passed by the board within six years before the commencement of the suit, acknowledging a debt to the Plaintiffs and their assignors, of two hundred thousand dollars for the grant, takes the case out of the statute. The answer to this is, that a majority of the board passing the resolution were grantees, and that if they could not, as directors, buy the grant of themselves for the company, they cannot create, renew, or continue a debt against the company to themselves by passing resolutions as directors. Again, it is claimed that if the company repudiate the acts of the directors in purchasing the grant of themselves for the company, they must restore the grant.

The answer to this is, that the Plaintiffs have not asked any such judgment. Their claim to recover was based entirely upon the validity of the acts of the grantees as directors, and the judg-

ment of the referee was based upon that only.    These acts being invalid, that judgment was rightly reversed, and the order appealed from must be affirmed, with costs, and judgment final given against the Plaintiffs.

<div style="text-align:right">

JOEL TIFFANY,
State Reporter.