WILLIAM S. ARNOLD et al., Respondents, *v.* EMERSON C. ANGELL, Appellant.

Plaintiffs' complaint alleged a copartnership between the parties and asked for a dissolution and an accounting. The answer was a general denial. The court (by which the case was tried) found that no copartnership existed, but that plaintiffs made various advances to defendant under an agreement that he was to receive besides interest one-fourth of the profits of the business, and directed a recovery for that amount. *Held*, error, that the judgment was for an entirely different cause of action from that set forth in the complaint and was not justified by the issues; that when the issue of copartnership was decided against plaintiffs the action was at an end and defendant was entitled to judgment; and that the point was not waived by the omission of defendant to

object to the evidence, as the evidence was competent upon the issue made by the pleadings.

Also, *held*, that the transaction was either a partnership, or a usurious loan; that defendant was not precluded from the defence of usury by not pleading it, as an answer setting up such a defence would have been improper as against the cause of action set forth in the complaint, and as, if the action was to be tried in disregard of the pleadings, defendant was entitled to the benefits of any defence which the evidence disclosed.

*Arnold et al.* v. *Angell* (6 J. & S., 27) reversed.

(Argued June 22, 1875; decided September 21, 1875.)

APPEAL from an order of the General Term of the Superior Court for the city of New York, denying a motion for a new trial, made under section 268 of the Code, and from judgment entered thereon. (Reported below, 6 J. & S., 27.)

This action was brought to dissolve an alleged copartnership between the parties and for an accounting. The substance of the pleadings and of the facts found is set forth in the opinion.

As conclusions of law, the court found that a partnership was not established but plaintiff had a joint interest in the profits and was entitled to recover in this action one-fourth of the profits, to ascertain which a reference was directed.

*Samuel Hand* for the appellants. The court should have granted the motion for a nonsuit. (*Halsted* v. *Schmelzel*, 17 J. R., 80; *Westerlo* v. *Evertson*, 1 Wend., 532; *Atwater* v. *Fowler*, 1 Hall, 180; *Williams* v. *Mech. Ins. Co.*, 54 N. Y., 577; *Coleman* v. *Second Ave. R. R. Co.*, 38 id., 201; *Rome Bank* v. *Eames*, 4 Abb. Ct. App. Dec., 588; *Stevenson* v. *Burton*, 15 Abb., 331.) The finding that there was no partnership, but a loan, was correct. (Pars. on Part., 71, 142; *Ogden* v. *Astor*, 4 Sandf., 311; *Browne* v. *Vredenbergh*, 43 N. Y., 195; *Lewis* v. *Greider*, 51 id., 231; *Holmes* v. *R. Co.*, 5 Gray, 58; *Brockway* v. *Burnap*, 16 Barb., 309; *Hesketh* v. *Blanchard*, 4 East, 144; *Ross* v. *Drinker*, 2 Hall, 415; *Burckle* v. *Eckart*, 1 Denio, 337; 3 Comst., 132; *Chase* v. *Barrett*, 4 Paige, 148; *Cummings* v. *Mills*, 1 Daly, 520.) The

plaintiffs' transaction was usurious. (*Fiedler* v. *Darrin*, 50 N. Y., 437; *Browne* v. *Vredenburgh*, 43 id., 195; *Sweet* v. *Spence*, 35 Barb., 44; *Morss* v. *Wilson*, 4 T. R., 353; Pars. on Part., 142.)

*Osborn E. Bright* for the respondent. It was proper for the court to grant relief to plaintiffs. (*Salter* v. *Ham*, 31 N. Y., 321; *Truscott* v. *King*, 2 Seld., 147; *Post* v. *Kimberly*, 9 J. R., 470; *Mayne* v. *Griswold*, 3 Sandf., 463; *Bk. of Utica* v. *City of Utica*, 4 Paige, 399; *Bk. of Utica* v. *Mersereau*, 3 Barb. Ch., 528; *Hawley* v. *Cramer*, 4 Cow., 717.)

CHURCH, Ch. J. It is difficult to sustain this judgment upon legal principles. The recovery was upon an entirely different cause of action from that set forth in the complaint. The complaint alleged that, on the 25th of April, 1870, the plaintiffs and defendant entered into a copartnership for the purpose of carrying on the business of a Turkish bath establishment in the city of New York, and subsequently agreed that the copartnership should continue five years; that the business was to be carried on in the name of the defendant; that the plaintiffs should make advances of money for the purpose of the business, upon which interest should be allowed; and the defendant should receive three-quarters, and the plaintiffs one-quarter of the net profits. It then alleges that between the 9th day of May and 27th of October, 1870, the plaintiffs " contributed to said copartnership " the sum of $16,500. It then charges that the defendant had applied to his own use a much larger proportion of the receipts and profits of the business than he was entitled to ; that he concealed from the plaintiffs the receipts and profits, and refused to give account thereof, or to give the plaintiffs access to the books; and excluded plaintiffs from the management of the business, and refused to pay debts, etc.; and prays for a judgment dissolving the copartnership, and for a receiver to wind up the affairs of the concern. The answer was a general denial. The court found that the plaintiffs

advanced the sum of $16,500 at different times between
January and November, 1870, but that such advances were
made to the defendant, who was the proprietor of the Turk-
ish bath establishment; that $9,000 of said sum, and interest,
was secured by bonds of the defendant executed to S. L. M.
Barlow, and assigned to the plaintiffs, which were secured by
a mortgage on the bath establishment, and that the balance
of said sum and interest was secured by the notes and mem-
orandum checks of the defendant.   The court also found
that when $4,000 of said sum had been advanced, it was
agreed between the parties that the plaintiffs should advance,
in all, $12,000, and receive, besides the interest, one-quarter
of the profits of the business; and subsequently it was
agreed that the plaintiffs should receive, besides the interest
on the bonds and notes, one quarter of the profits for five
years on all advances, and the advances, in all, amounted
to $16,500.   The court also found, as a conclusion of law,
that a partnership was not established, but that plaintiffs
had a joint interest in the profits with the defendant, and
were entitled to recover in this action one-fourth part of
the profits, and ordered a reference to ascertain the same.
The transaction either constituted the parties copartners,
or the money advanced was a loan.   There is no middle
position.   The court found substantially that it was a loan, and
ordered a recovery for the stipulated profits agreed to be paid
for the use of the money exceeding seven per cent, secured
to be paid by the bonds and notes.   It would have been
equally lawful to have recovered for the principal and
seven per cent interest as for the additional sum.   The
issues made by the pleadings were, whether a partnership
existed, and whether the defendant expressly or impliedly
violated the terms of it so as to entitle the plaintiffs to a
dissolution, and distribution of the assets.   When the issue
of partnership was decided against the plaintiffs, as it was,
and we must assume correctly, the action was at an end,
and the defendant was entitled to judgment.

The relief must be consistent with the case made by the

complaint, and embraced within the issue. (Code, § 275.) A claim upon the notes or bonds, or the interest or profits, for the use of the money, was not the case made by the complaint, and there was no issue upon such claim. It is suggested by the learned judge who delivered the opinion at the General Term, that the allegations of partnership might be rejected as surplusage. This would obliterate the complaint. Every allegation is based upon an alleged partnership. Nor has the defendant waived the point by not objecting to the evidence, for the reason that the evidence was competent upon the issue made by the pleadings. (38 N. Y., 201; 54 id., 577.) Again, regarding the transaction as a loan, the agreement found by the court to pay seven per cent and one-quarter of the profits constituted usury, and this would apply to a portion, at least, of the amount (50 N. Y., 437; 43 id., 195); and the recovery was allowed for the usury.

It is said that usury was not pleaded. The defendant had no opportunity to plead it. An answer setting up usury would have been improper in the action brought. It would have constituted no defence to that action. If the action was to be tried upon the evidence, in disregard of the pleadings, the defendant should have had the benefit of any defence which the evidence disclosed. It would be manifestly unjust to permit a plaintiff to secure the benefit of a new cause of action not embraced in the pleadings, and refuse a defendant the corresponding benefit of a defence not thus disclosed. The most liberal construction of the Code could never justify such a result.

The judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed, and new trial ordered.