JOSEPH EMRICH, Appellant, v. LUCY E. WHITE, Respondent.

*Court of Appeals, April 13, 1886.*

*Specific performance.*—Where a vendee agrees to purchase real estate
of the vendor, with knowledge that the latter holds it under a will
subject to the testator's undischarged debts, and to take a deed
of bargain and sale, with covenant against the vendor's own acts,
by reason of which the price to be paid is seriously reduced, the
plaintiff, on refusal to accept such deed when tendered, is put in
default, and cannot maintain an action for specific performance,
or ask compensation for defect of title, though a subsequent stip-
ulation was entered into, that the vendee might reject the deed,
and if he did so, and the vendor chose to sue him for the pur-
chase money, and succeeded in the action, the interest was to be
waived until the date of the decision.

Action brought to compel a specific performance of a con-
tract of sale of certain real estate.

Appeal from a judgment of the general term, entered upon
an order affirming a judgment rendered at special term dis-
missing the complaint.

*Samuel Untermyer,* for appellant, Joseph Emrich.

*Elial F. Hall,* for respondent, Lucy E. White.

FINCH, J.—The parties to this action entered into a con-
tract for the sale and purchase of real estate, by the terms
of which the plaintiff was to pay therefor the sum of $9,000
by assuming an outstanding incumbrance of $3,000 and
paying the balance in cash; the deed to be delivered, and
the contract performed, on the ensuing twentieth day of
July, at a place named. Before the contract was signed
the character of defendant's title was fully explained. The
plaintiff was informed that she took as devisee under the

will of John H. White, by· a provision in the following terms, viz.:

" After all my lawful debts are paid and discharged, I give, devise and bequeath all my estate, real, personal, and mixed, to my beloved wife, Lucy E. White, for her sole use, benefit, and behoof, forever."

The plaintiff was further informed that the personal estate of the testator had proved insufficient to pay his debts, and that these, to a very serious amount, remained undischarged, and for this reason the defendant's counsel, who conducted the negotiations, while expressing his belief that the title would be good, declined to agree to give general covenants of warranty, and bound his client only to give a deed of bargain and sale, with covenant against her own acts, and in that form, and after such full explanation, the contract was signed.   It would seem, therefore, that the agreement contemplated a sale and purchase·of the title which the defendant in fact possessed, aud clouded by a possible defect, on account of which the price to be paid was seriously reduced ; unless that inference is modified by the further stipulations signed on the same day, but after the execution of the contract.   These apparently contemplated that, on the day for consummating the agreement, the plaintiff might accept the deed tendered, or conclude to reject it, though his right to do so was not conceded, but denied.   If he did reject the deed, and if thereupon the defendant chose to sue for the purchase money, which was left to her free choice, then, if she succeeded in the action, interest on the agreed purchase money was to be waived until the date of that decision ; but if the plaintiff succeeded he was nevertheless to pay the taxes of 1880, and ,all assessments becoming a lien after the date of the contract.   These stipulations indicate a difference of opinion as to the legal effect of the contract signed, which might end in a litigation with an unknown result, but nothing in them changed the legal effect of that contract as it stood, or the rights of the parties

under it. They related wholly to the emergency of a suit which might possibly be brought, but which the defendant was under no obligation to bring.

On this state of facts the courts below have held that plaintiff's refusal to accept the deed tendered put him in default, and that he could not maintain the present action to compel a specific performance with compensation for the defect in the title. In answer to this the plaintiff contends that his rejection of the deed was purely formal, and made to enable the defendant to bring the action referred to in the stipulation. But very little in the case supports that contention. The complaint makes no such claim. On the contrary, it alleges explicitly that the plaintiff rejected the offered deed upon the ground of a defect in the title, and there is nothing in the stipulation which affected his duty to perform his contract, or refuse to do so at his peril, and of his own sole choice. It is then said that the demand of the purchase price as $9,000 was too much. If a demand was needed, it was sufficient. Nobody could or did misunderstand it. The defendant did not say or mean that $9,000 should be paid in cash, but that it should be paid as required by the contract. The criticism is purely technical, and has no merit in it.

The further contention is made that performance at the day was waived by, after negotiations. Such negotiations did take place, but they consisted of repeated efforts on the part of defendant's counsel to induce the plaintiff to perform, which he steadily refused, until the effort ended by a notice, on the 2d of September, that defendant would give but two or three days for a final answer, and then, after waiting a week, with no reply, the defendant's counsel formally closed the door by demanding the cancellation of the contract. Two days after that this action was brought for a specific performance of the contract which the plaintiff had steadily repudiated, and refused to perform. Whatever may be his remedy at law, if upon the facts he can have any, it is certain

that he is not entitled to the intervention of equity, and shows no reason why an action at law for damages would not afford him adequate redress. The plaintiff declares in his brief that he is now, and was, at the time of the trial, willing to accept the title as it stands. He should have reached that conclusion sooner. After bringing this action to obtain compensation for its defects, and steadily refusing to accept the deed until time has perhaps cured all imperfections, he cannot equitably ask that his default be ignored, and that he be allowed to have a good title for the price of a defective one.

The judgment should be affirmed, with costs.

All concur, except RAPALLO, J., absent.