## HEYMAN et al. *v.* SCHMIDT.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

PLEADING AND PROOF—VARIANCE—OBJECTIONS WAIVED.

Where defendant pleads a general denial to a certain contract alleged in the complaint, and plaintiffs, notwithstanding the pleadings, are allowed to prove a different contract, defendant may, without further answer, prove a modification of the contract, or make any other defense suggested by the evidence. *Arnold* v. *Angell*, 62 N. Y. 508, followed.

Appeal from trial term.

Action by Rose Heyman and another against Sigmund A. Schmidt. From a judgment entered on a verdict directed for plaintiffs, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Joseph C. Rosenbaum,* for appellant. *Richard M. Henry* and *Charles Meyers,* for respondents.

DALY, C. J. It was alleged in the complaint that the plaintiffs employed the defendant to sell their goods upon a commission of 10 per cent., that they had advanced him $347.86 in excess of commissions which he had earned, and that they were entitled to the return of that sum. The answer was a general denial. On the trial the plaintiffs proved a different contract, namely, an agreement by which the defendant was to receive 5 per cent. commissions, and $8 a day for traveling expenses, plaintiffs to pay him $30 a week on account of commissions. The moneys which plaintiffs seek to recover back were paid under that agreement, and the defendant attempted to show that, by a modification thereof, the $30 a week was to be paid to defendant in the nature of a salary. The plaintiffs objected to this evidence on the ground that it was not pleaded, and the proof was excluded. The plaintiffs having been permitted to prove a different contract from that set up in their complaint, the defendant was entitled to the benefit of any other defense which he could make to the contract proved. The plaintiffs, having first disregarded the pleadings, could not invoke them to restrict the defendant. The answer of the latter was interposed to the cause of action pleaded, and not to that which was proved, and he ought not to be confined to pleadings which had no reference to the issue to be tried. "If the action was to be tried in disregard of the pleadings, defendant was entitled to the benefit of any defense which the evidence disclosed. It would be manifestly unjust to permit plaintiff to secure the benefit of a new cause of action not embraced in the pleadings, and refuse to defendant the corresponding benefit of a defense not thus disclosed." *Arnold* v. *Angell*, 62 N. Y. 508. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.