## LOCHMANN v. MEEHAN.

(Supreme Court, General Term, First Department.   December 16, 1892.)

1. SPECIFIC PERFORMANCE—PURCHASE OF CHOSE IN ACTION.
     A contract for the purchase of a mortgage will not be specifically enforced where it is not shown that the claim is doubtful, the debtor irresponsible, or the mortgage security insufficient.
2. EQUITY PRACTICE—RETAINING CASE FOR LEGAL RELIEF.
     Where a plaintiff, suing for specific performance, fails to make out a case entitling him to equitable relief, he has no right to have the case tried as an action at law for damages, especially where, before the trial, the defendant's motion for a jury trial has been refused.

Appeal from special term, New York county.

Action by Christopher Lochmann against Ellen Meehan for specific performance. Defendant obtained judgment. Plaintiff appeals. Affirmed.

Argued before O'BRIEN, FOLLETT, and BARRETT, JJ.

Bartlett, Wilson & Hayden, (Phillip L. Wilson, of counsel,) for appellant.

W. J. Gaynor, for respondent.

BARRETT, J. This was an action for the specific performance of a contract for the purchase of a chattel mortgage upon fixtures in a barroom, and of the claim against the mortgagor, which was thereby secured. The plaintiff was the owner of these securities, upon which the sum of $1,350 remained unpaid, and the defendant agreed to purchase them for $800, but refused upon demand to carry out her contract. Upon these bald facts the complaint was dismissed at special term, and properly. No reason for invoking the equitable powers of the court was shown, and upon the facts found the plaintiff had an adequate remedy at law. We cannot assume, in the absence of averment of proof, that the claim was doubtful, the debtor irresponsible, or the mortgage an insufficient security. In the cases to which we are referred—Phillips v. Berger, 2 Barb. 608, more accurately considered upon appeal, 8 Barb. 527; Adderley v. Dixon, 1 Sim. & S. 607—the damages were uncertain, or would not have furnished a complete and satisfactory remedy. In Phillips v. Berger the agreement was to compromise a judgment which the plaintiff had against third parties. What Edmonds, J., said at special term regarding the purchase of choses in action was obiter, and not so fully supported by Adderly v. Dixon, supra, as the learned judge seemed to think; for in Adderly v. Dixon the purchase was of debts which had been proved under a bankrupt commission, and specified performance was decreed, as judge Edmonds observed, "because dam-

ages at law could not accurately represent the value of the debts, and to compel the purchaser to take such damages would be to compel him to sell them at a conjectural price." The difficulty here is that the facts found establish nothing but a naked cause of action for breach of contract. It is well settled that, before equitable relief can be granted, the facts conferring equity jurisdiction should be alleged and must be proved. Hammond v. Morgan, 101 N. Y. 187, 4 N. E. Rep. 328; citing Pom. Eq. Jur. §§ 177, 1402. No such facts were here alleged or proved, and there was consequently no basis for an equitable decree. The plaintiff necessarily rests his case upon the proposition that specific performance should always be granted to enforce broken contracts for the purchase of choses in action,—a proposition which finds no support even in Phillips v. Berger, supra.

The plaintiff further contends that, even if he were not entitled to relief in equity, his complaint should not have been dismissed, but that the case should have been retained for a trial by jury, or upon common-law principles by the judge without a jury. This position is also untenable. The court will retain such an action, for pecuniary compensation, only when the plaintiff actually has an equitable cause of action, and shows himself entitled, upon the facts averred and proved, to specific performance, but, owing to some circumstances for which he is not responsible, his equitable right cannot be enforced by decree. He cannot take his chances in equity, and, failing there to make out a case for equitable relief, fall back before the same tribunal on his claim for damages. This is here accentuated by what took place before the commencement of the trial. We quote from the record:

"Before proceeding to the trial, defendant made the following motion: Defendant's Counsel: I move that this case be sent to a jury. The defendant now, before proceeding, and before the production of any evidence or the beginning of the trial, demands that this case be tried by a jury. There is absolutely nothing in this complaint that makes this an equitable action, and the defendant therefore demands a jury trial. The Court: Motion denied. Exception."

After this the plaintiff certainly had to stand or fall by his claim for specific performance. He could not thereafter proceed in equity, and, upon failure, insist upon the common-law trial, which was originally refused to his adversary.

The judgment should be affirmed, with costs. All concur.