(54 App. Div. 45.)

ASHLEY v. LEHMANN.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

PLEADING—EFFECT OF PRAYER FOR INAPPROPRIATE RELIEF—DISMISSAL.

    An error of a pleader in asking for equitable relief, when he should have concluded with a different prayer, does not render a complaint subject to a motion to dismiss, when it states facts constituting a cause of action, either legal or equitable.

Appeal from special term, Kings county.

Action by Frank M. Ashley against Charles F. Lehmann. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George Tiffany, for appellant.
Frederick E. Crane, for respondent.

WILLARD BARTLETT, J.   When this case came on for trial before the special term in Kings county, the defendant, without any evidence having been given, moved for a dismissal of the complaint upon the ground "that it clearly appeared from the complaint that a court of equity had no jurisdiction, but that the plaintiff's remedy was in a court of law, and that he had an adequate remedy at law, and no sufficient reason for seeking relief in a court of equity." The court granted the motion, and dismissed the complaint upon the grounds thus stated.   It seems to me that the motion to dismiss was equivalent to a demurrer, and that it should not have been granted unless the complaint is demurrable upon the ground that it does not state facts sufficient to constitute a cause of action.   I do not think it can thus be condemned.   The action is based on an agreement which contemplates a joint undertaking by the parties in the manufacture and sale of ink wells.   The plaintiff was to conduct the business.   The defendant was to pay and advance such money as should from time to time be necessary "to manufacture said ink wells, protect the same by patents, market the said wells, and otherwise place the said business on a paying basis, said amount not to exceed the sum of three thousand dollars."   The third article of the complaint alleges that the exigencies and needs of said business on August 19, 1899, required an advance of $500 from the defendant in order to enable the plaintiff successfully to carry on the business and maintain the same in good credit and standing, and that the plaintiff duly demanded that sum from the defendant, who refused to pay it, and has not paid it.   This breach of the contract, if proved, would entitle the plaintiff to judicial redress in some form.   If it did not give rise to an equitable cause of action cognizable on the equity side of the court by a judge without a jury, it nevertheless might have formed the basis of an award of damages upon a trial before a judge and jury on the common-law side.

The prayer of the complaint is twofold:   (1) That the defendant be decreed to specifically perform the contract, and pay over the sum of $500 to the plaintiff; and (2) that the damages of the plaintiff arising out of the defendant's failure to advance the said moneys be ascertained, and that the plaintiff have judgment therefor.   An error of a pleader in asking for equitable relief, when he should have concluded with a different prayer, should not be deemed fatal to his complaint.   If the learned judge at special term was right in holding that the plaintiff had an adequate remedy at law, he should have transferred the cause to the jury term, instead of throwing it out of court altogether.   I think there should be a new trial.

Judgment reversed, and new trial granted; costs to abide the event.  All concur.