John McNulty, Respondent, v. The Mount Morris Electric Light Company, Appellant.*

| 56 | 9 |
|---|---|
| m172 | NY410 |
| 56 | 9 |
| e 78 | 221 |

*Nuisance — action by a tenant, based thereon — by his removal from the premises it becomes transferred from one in equity to one at law.*

Where, upon the trial at Special Term of an action brought by a tenant of property in the neighborhood of premises occupied by the defendant to restrain the defendant from maintaining a nuisance upon its property, it appears that, by reason of the plaintiff's removal from the premises at the expiration of his lease, no equitable relief can be granted, the action becomes one at law to recover damages for a nuisance in which the defendant is entitled to a trial by jury, and the Special Term cannot retain jurisdiction for the purpose of assessing the plaintiff's damages.

Appeal by the defendant, The Mount Morris Electric Light Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*Henry J. Hemmens*, for the appellant.

*Charles H. Wenzell*, for the respondent.

Ingraham, J. :

With one exception the same questions are presented in this case as in the case of *Riedeman* v. *Mount Morris Electric Light Co.* (*post*, p. 23). In this case, however, it appears that the plaintiff brought the action as lessee of certain premises known as 525 Greenwich street in the city of New York to restrain the defendant from maintaining a nuisance. The action seems to have been commenced November 3, 1898, and the complaint asked for an injunction to restrain the continuance of a nuisance, and alleged that the plaintiff was in the possession of the premises under a lease in writing which expired on May 1, 1898. The allegations of the defendant, which were sustained by the proof, are that long prior to the plaintiff's acquiring any interest in the property the defendant had been operating its electric light plant in a manner similar to its operation at the present time, and that prior to the

* See page 23.

commencement of the action the plaintiff's lease of the premises had expired, and that the plaintiff was no longer in possession or control thereof. The court found that the plaintiff had leased the premises of the owner, and that he remained in possession, holding over under the lease until May 1, 1899, and as a conclusion of law the court held that the plaintiff, having removed from the premises prior to the decision, and having an interest therein only as tenant prior to said time, was not entitled to an injunction restraining the further continuance of the nuisance, but that the court might, notwithstanding, retain jurisdiction of the action for the purpose of assessing plaintiff's damages, and that plaintiff was entitled to a judgment against the defendant to recover damages aggregating $1,189.05, together with interest and costs. These facts appeared from the pleadings, and when the case was called for trial the defendant asked that the case be sent to the jury upon the ground that " the plaintiff asks for an injunction. Inasmuch as the plaintiff is not now in possession of the property, he is not entitled to an injunction. The action, therefore, is a common-law action for damages, and not an action for an injunction, and not an action which equity has any jurisdiction over." The court denied the motion, saying: " Whether, of course, on the facts presented they will be entitled to relief in equity, will come up later." To this ruling the defendant excepted. We think the defendant was entitled to a jury trial. The action was brought in equity for an injunction, and when the case came on for trial and it appeared that no equitable relief could be granted, as the right of the plaintiff to ask the court to enjoin the defendant, if any ever existed, had come to an end by the removal of the plaintiff from the premises upon the expiration of his lease, it then became a common-law action to recover damages for a nuisance, and in such an action the defendant was entitled to a trial by jury.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.