### McNULTY v. MT. MORRIS ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

INJUNCTION—EQUITABLE RELIEF—DAMAGES—JURY TRIAL.

> Where the tenant of premises sued to restrain the operation of a neighboring electric light plant on the ground that it was a nuisance, and for damages, and when the case came on for trial it appeared that plaintiff was not entitled to an injunction by reason of his having removed from the premises, defendant's motion that the case be sent to a jury should have been granted, since, there being then no grounds for equitable relief, the action became one for damages, in which defendant was entitled to a jury.

Appeal from special term, New York county.

Action by John McNulty against the Mt. Morris Electric Light Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry J. Hemmens, for appellant.

Charles H. Wenzell, for respondent.

INGRAHAM, J.   With one exception the same questions are presented in this case as in the case of Riedeman v. Light Co. (decided herewith) 67 N. Y. Supp. 391.   In this case, however, it appears that the plaintiff brought the action as lessee of certain premises known as "525 Greenwich Street," in the city of New York, to restrain the defendant from maintaining a nuisance.   The action seems to have been commenced November 3, 1898, and the complaint asked for an injunction to restrain the continuance of a nuisance, and alleged that the plaintiff was in the possession of the premises under a lease in writing which expired on May 1, 1898.   The allegations of the defendant, which were sustained by the proof, is that long prior to the plaintiff's acquiring any interest in the property the defendant had been operating its electric light plant in a manner similar to its operation at the present time, and that prior to the commencement of the action the plaintiff's lease to the premises had expired, and thus the plaintiff was no longer in possession or control thereof.   The court found that the plaintiff had leased the premises of the owner, and that he remained in possession, holding over under the lease, until May 1, 1899; and as a conclusion of law the court held that the plaintiff, having removed from the premises prior to the decision, and having an interest therein only as tenant prior to said time, was not entitled to an injunction restraining the further continuance of the nuisance, but that the court might notwithstanding retain jurisdiction of the action for the purpose of assessing plaintiff's damages; and that plaintiff was entitled to a judgment against the defendant to recover damages aggregating $1,189.05, together with interest and costs.   These facts appear upon the pleadings, and when the case was called for trial the defendant asked that the case be sent to the jury upon the ground that "the plaintiff asks for an injunction.   Inasmuch as the plaintiff is not now in possession of the property, he is not entitled to an injunction.   The action, therefore, is a common-law action for damages, and not an action for an injunction, and not an action which equity has any jurisdiction over."   The court denied the motion, saying: "Whether, of course, on the facts presented, they will be entitled to relief in equity, will come up later."   To this ruling the defendant excepted.   We think this motion should have been granted.   The action was brought in equity for an injunction; and when the case came on for trial, and it appeared that no equitable relief could be granted, as the right of the plaintiff to ask the court to enjoin the defendant, if any ever existed, had come to an end by the removal of the plaintiff from the premises upon the expiration of his lease, it then became a common-law action to recover damages for a nuisance, and in such an action the defendant was entitled to a trial by jury.

The judgment should therefore be reversed, with costs, and the complaint dismissed, with costs.   All concur.