(60 App. Div. 138.)

MITTENTHAL v. RABINOWITZ.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

SPECIAL TERM CALENDAR.

    Plaintiff having placed his cause on the special term calendar, and demanded equitable relief, may, though it is afterwards marked "Reserved generally," and though the facts alleged in the complaint do not show right to equitable relief, have it restored to such calendar; but, unless he

establishes facts entitling to equitable relief, the complaint will be dismissed.

Appeal from special term, New York county.

Action by Max Mittenthal against Lazar B. Rabinowitz. From an order denying plaintiff's motion to restore the cause to the special term calendar for trial after it had been marked "Reserved generally," he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

A. H. Parkhurst, for appellant.

David J. Wagner, for respondent.

PER CURIAM. We think the motion should have been granted. The cause had been regularly placed upon the special term calendar for trial, and the fact that thereafter it was marked "Reserved generally" did not prevent the plaintiff from having it restored to the day calendar for trial, and the court could not, upon a motion for that purpose, refuse to restore it on the ground that it ought not originally to have been placed upon the special term calendar. The judgment demanded being for an accounting, and while the facts alleged in the complaint do not establish that the plaintiff is entitled to equitable relief, yet the defendant is entitled as a matter of right to a jury trial. Glenn v. Lancaster, 109 N. Y. 641, 16 N. E. 484. If the allegations of the complaint are true, then the plaintiff is not entitled to equitable relief, but, having placed his cause upon the special term calendar, and having demanded equitable relief, he can, if he insists upon it, bring his cause to trial in that branch of the court. He has that right. But, unless he succeeds in establishing facts which entitle him to equitable relief, his complaint must be dismissed; and it is difficult to perceive how he can possibly succeed upon the allegations of his complaint in obtaining relief of that character. However, that question is not now before us. All that we now decide is that he is entitled to have his cause restored to that calendar if he insists upon it.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted.