## EVERETT v. DE FONTAINE.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. TRIAL—SPECIAL TERM—CONSTRUCTION OF PLEADING—TRANSFER OF CAUSE TO TRIAL TERM.

Where plaintiff noticed a cause for trial at special term, and on the cause being reached the court determined that no equitable relief was justified by the complaint, the court was bound to transfer the cause to the trial term calendar over plaintiff's objection that he was entitled to try the cause at special term. under a penalty of having the complaint dismissed if a case of equitable relief was not established.

2. SAME—EQUITY—PLEADING—ADEQUATE REMEDY AT LAW—NECESSITY OF OBJECTION BY ANSWER.

Where, in a suit in equity, the want of an adequate remedy at law is an essential part of plaintiff's right to recover in equity, the rule that the objection that plaintiff has an adequate remedy at law must be taken by answer does not apply.

3. SAME—PLEADING—CONSTRUCTION.

A complaint alleged that defendant employed plaintiff to procure capital to finance a patented invention under an agreement to share equally with plaintiff all that defendant should receive for himself from capital obtained by plaintiff; that through plaintiff's efforts a corporation was organized, from which defendant received 850 shares of stock and $500 in cash, but that defendant had refused to account therefor to plaintiff,— and demanded judgment for an accounting of the stock and money, and that defendant be directed to pay over and deliver to plaintiff money and stock found due to him on such accounting. *Held*, that since plaintiff had an adequate remedy at law, and the court of law had ample jurisdiction to take any accounting necessary to determine the amount plaintiff was entitled to, the complaint did not allege a cause of action for equitable relief.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Joseph H. Everett against Wade Hampton De Fontaine. From an order directing that the cause be placed on the trial term calendar in its regular order, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ernest T. Fellowes, for appellant.

Edgar C. Beecroft, for respondent.

LAUGHLIN, J.   The plaintiff duly noticed the issues in this action for trial at special term.   Upon the case being called and moved for trial at special term by the plaintiff, the defendant's counsel moved for a dismissal of the complaint upon the ground that, on the facts alleged, the plaintiff would not be entitled to any equitable relief.   The trial court was of opinion that the complaint failed to show that the plaintiff was entitled to equitable relief, but that it stated a cause of action at law, and should not be dismissed merely because the proper relief was not demanded, and suggested that the issues could be sent to the trial term.   Thereupon, on motion of defendant's counsel, the attorneys for the plaintiff objecting, the court ordered that the clerk of the trial term place the case on the trial term calendar in its regular order.

It is contended in behalf of the appellant that he was entitled to proceed with the trial of the action as a suit in equity, under the penalty of having his complaint dismissed if he failed to establish a case for equitable relief, and that the order transferring the issues to the jury calendar was erroneous and should be reversed.   The rule seems now to be well settled that where an action is placed on the special term calendar, and brought to trial as a suit in equity, and the plaintiff fails to establish a right to equitable relief, his complaint should not be dismissed, if, upon the facts alleged or duly proven, he would be entitled to legal relief, and that in such case, even though the plaintiff makes no demand therefor, the issues must be sent to the jury calendar for trial.   Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, affirmed on opinion of appellate division in 163 N. Y. 554, 57 N. E. 1126; Baylis v. Manufacturing Co., 59 App. Div. 576, 69 N. Y. Supp. 693; McNulty v. Electric Light Co., 172 N. Y. 410, 65 N. E. 196.   In Thomas v. Schumacher, supra, the action was placed on the special term calendar, and brought to trial as a suit in equity.   At the close of the evidence the court made a decision dismissing the complaint.   It appeared that, on the facts alleged and proved, the plaintiff established a cause of action at law.   The judgment was reversed upon the ground that the court, upon reaching the conclusion that it was an action at law, and not in equity, should have refused equitable relief, and sent the issues to be tried at trial term before a jury.   In Baylis v. Manufacturing Co., supra, the case was placed upon the special term calendar by the defendant, and upon its being moved for trial the defendant moved for a dismissal of the complaint upon the ground that the plaintiff was not entitled to equitable relief.   Upon the denial of this motion the defendant demanded a jury trial, which was also denied, and legal relief was awarded to the plaintiff by the special term.   This court, reversing the judgment, held that, equitable relief only being demanded, the case was properly placed on the special term calendar by the defendant, but that inasmuch as, on the allegations of the complaint,

no equitable relief could be awarded, and an action at law was stated, the defendant's motion to send the case to the trial term should have been granted. In McNulty v. Electric Light Co., supra, the plaintiff at the time of commencing the action was a tenant in possession. He brought the action to restrain the operation of the electric light plant as a nuisance. Before the issues were brought to trial at special term, the plaintiff's tenancy terminated, and this was set up as a defense by supplementary answer. Upon the case being moved for trial, defendant's counsel drew the attention of the court to this fact, and demanded that the case be stricken from the special term calendar, or that the issues be sent to the jury calendar. Counsel for the plaintiff opposed the granting of these motions, and insisted upon a trial of the issues at special term, upon the ground that, his client having been a tenant in possession at the time the action was brought, the court of equity had jurisdiction, and, while it might not award equitable relief, it could retain the action for the purposes of damages. The trial court adopted this view, and tried the issues, and awarded damages. On an appeal by the defendant to this court, the judgment awarding damages was reversed, and judgment was directed dismissing the complaint. McNulty v. Electric Light Co., 56 App. Div. 9, 67 N. Y. Supp. 395. The plaintiff then appealed to the court of appeals, where it was held that it was error to dismiss the complaint, and that the issues should have been sent to the jury calendar. The discussion in the prevailing opinion therein relates largely to the denial of the defendant's motion to strike the case from the equity calendar, and send it to the jury calendar, upon the ground that the issue remaining was triable in a court of law; but the defendant did not appeal to the court of appeals, nor was it insisting in that court upon a right to a jury trial. It was content with the judgment of the appellate division dismissing the complaint. Prior to that decision and the decision in Thomas v. Schumacher, supra, the rule to be gleaned from the authorities was, I think, that where an action was brought to trial and tried as a suit in equity, particularly if the complaint were clearly framed in equity, the court might, in its discretion, dismiss the complaint if the plaintiff was not entitled to equitable relief (Arnold v. Angell, 62 N. Y. 508; Hawes v. Dobbs, 137 N. Y. 465, 33 N. E. 560; Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794); but, if it appeared that the plaintiff was entitled to legal relief, the better practice in such case was to send the issues to the trial term (Ashley v. Lehmann, 54 App. Div. 45, 66 N. Y. Supp. 299; Emery v. Pease, 20 N. Y. 62; Cuff v. Dorland, 55 Barb. 481). In the McNulty Case, supra, however, it will be observed that the plaintiff only appealed to the court of appeals, and his complaint had been dismissed. He had not asked for a jury trial, but, on the contrary, opposed defendant's motion for a jury trial, and insisted upon a trial at special term. He was not, and could not be, in any view of the evidence, or of any evidence that might possibly be adduced upon a new trial, entitled to any equitable relief; and yet the dismissal of his complaint was held error. I cannot escape the conclusion that it necessarily follows from that decision that where the complaint is properly framed for equitable re-

lief, but the right to equitable relief is lost before the trial, or where equitable relief is demanded, but a right to legal relief only is alleged or shown, the court may not dismiss the compaint, even though the plaintiff brings the issues to trial at special term, and persists in his right to a trial there, and makes no demand for a jury trial. In Mittenthal v. Rabinowotz, 60 App. Div. 138, 70 N. Y. Supp. 119, cited by appellant, this court held that a case regularly on the special term calendar, and marked "Reserved generally," could be moved upon the day calendar of the special term for trial, even though it was clearly an action at law. We did not then decide what disposition should be made of a motion such as was made in the case at bar on the issues being moved for trial.

The question remaining to be considered is whether this complaint states facts which, if proven at special term, would have entitled a plaintiff to any equitable relief. It is alleged, in substance, that the defendant employed the plaintiff to procure the necessary capital and interest persons of means in financing an invention or process patented by and belonging to one Wessel, for whom the defendant was acting as agent, upon the promise that if the plaintiff should, through his "influence or introduction," procure such capital, and interest persons of means in financing said invention, "the defendant would, in consideration thereof, divide and share with the plaintiff equally all that he, the said defendant, should or would receive for himself out of said transaction"; that through the efforts of the plaintiff a corporation was organized to operate and exploit the said invention or process, and it was sold; that the defendant received as compensation for his services more than 850 shares of stock in the corporation, and a sum exceeding $5,000; that the plaintiff has demanded that the defendant account to him for said stocks and moneys, and that he deliver and pay to the plaintiff an equal one-half thereof, but that this demand has been refused by defendant. Judgment is demanded for an accounting for this stock and money, and that defendant be directed to pay over and deliver to the plaintiff the moneys and stock found due to him on such accounting, and for other and further relief, together with costs. The construction most favorable to the plaintiff would be that this is an action for specific performance of the agreement to deliver over to him one-half the money and one-half the stock received by the defendant. Manifestly, the plaintiff has an action at law for a breach of this contract, and he fails to state any facts indicating that his remedy at law would be inadequate. The jurisdiction of a court of equity to decree a specific performance of such a contract, involving the transfer or delivery of chattels or choses in action, depends upon the inadequacy of the remedy at law. 20 Enc. Pl. & Prac. 400; Lochman v. Meehan (Sup.) 21 N. Y. Supp. 389; Emerich v. White, 102 N. Y. 657, 6 N. E. 575; Pennsylvania Coal Co. v. Delaware & H. Canal Co., 31 N. Y. 91; Cushman v. Jewelry Co., 76 N. Y. 365, 32 Am. Rep. 315; Johnson v. Brooks, 93 N. Y. 337. The adequacy of a remedy at law is not pleaded in the answer; but where, as here, the want of such remedy is an essential part of the plaintiff's case, the rule that the objection must be taken by answer (Town of Mentz v. Cook,

108 N. Y. 504–508, 15 N. E. 541; Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712) does not, we think, apply (Cushman v. Jewelry Co., supra; Johnson v. Brooks, supra). On proof of the allegations of the complaint, the material parts of which have been stated, a court of equity would not be warranted in granting a specific performance of the contract. The accounting which is demanded does not give equity jurisdiction. If it be not an action for specific performance, it is an action to recover compensation determinable and measured by the profits of the undertaking; and a court of law has ample jurisdiction to take all the accounting that will be necessary to determine the amount that the plaintiff is entitled to recover. Thomas v. Schumacher, supra; Ashley v. Lehmann, supra; Wisner v. Jar Co., 25 App. Div. 362, 49 N. Y. Supp. 500; Smith v. Bodine, 74 N. Y. 30; McCullough v. Pense, 85 Hun, 271, 32 N. Y. Supp. 986; Parker v. John Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734. It is clear, therefore, that in no view of the complaint would the plaintiff be entitled to equitable relief. There is no propriety in holding that the special term was required to take the proofs before sending the issues to the jury calendar. That would be a useless proceeding, and would unnecessarily take up the time of the court, and put the defendant to the trouble, annoyance, and expense of two trials.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., and INGRAHAM, J., who dissent.