JOSEPH H. EVERETT, Appellant, *v.* WADE HAMPTON DE FONTAINE, Respondent.

*Complaint entitling the plaintiff only to legal relief — the case should be sent from the Special Term to the Trial Term for trial — action to compel an accounting for money and stock received by defendant, of which the plaintiff claimed one-half.*

Where the complaint in an action brought to trial at the Special Term as a suit in equity does not state any facts entitling the plaintiff to equitable relief, but does state facts entitling the plaintiff to legal relief, the court may, without taking any proofs, send the case to the Trial Term for trial, even though the plaintiff insists on his right to proceed with the trial as a suit in equity, under pain of having the complaint dismissed if he should fail to establish his right to equitable relief.

The rule that the objection that the plaintiff has an adequate remedy at law must be taken by answer does not apply where the absence of an adequate remedy at law is an essential part of the plaintiff's case.

A complaint in an action alleged that the defendant employed the plaintiff to procure capital for the financing of an invention under a contract by which he agreed to share equally with the plaintiff whatever profits he should make out of the transaction; that, through the efforts of the plaintiff, the invention was successfully financed and sold, and that the defendant received as compensation more than 850 shares of stock in a corporation and a sum exceeding $5,000.

The relief demanded was that the defendant account for such stock and money and deliver to the plaintiff the moneys and stock found due to him upon such accounting.

*Held,* that the plaintiff had an adequate remedy at law, and that the complaint did not state any facts entitling the plaintiff to equitable relief.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the plaintiff, Joseph H. Everett, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of November, 1902, directing that the cause be placed upon the Trial Term calendar in its regular order.

*Ernest T. Fellowes,* for the appellant.

*Edgar C. Beecroft,* for the respondent.

LAUGHLIN, J. :

The plaintiff duly noticed the issues in this action for trial at Special Term. Upon the case being called and moved for trial at Special Term by the plaintiff, the defendant's counsel moved for a

dismissal of the complaint upon the ground that on the facts alleged the plaintiff would not be entitled to any equitable relief. The trial court was of opinion that the complaint failed to show that the plaintiff was entitled to equitable relief; but that it stated a cause of action at law and should not be dismissed merely because the proper relief was not demanded, and suggested that the issues could be sent to the Trial Term. Thereupon, on motion of defendant's counsel, the attorneys for the plaintiff objecting, the court ordered that the clerk of the Trial Term place the case on the Trial Term calendar in its regular order.

It is contended in behalf of the appellant that he was entitled to proceed with the trial of the action as a suit in equity under the penalty of having his complaint dismissed if he failed to establish a case for equitable relief; and that the order transferring the issues to the jury calendar was erroneous and should be reversed. The rule seems now to be well settled that where an action is placed on the Special Term calendar and brought to trial as a suit in equity and the plaintiff fails to establish a right to equitable relief, his complaint should not be dismissed if upon the facts alleged or duly proven he would be entitled to legal relief; and that in such case, even though the plaintiff makes no demand therefor, the issues must be sent to the jury calendar for trial. (*Thomas* v. *Schumacher*, 17 App. Div. 441; affd. on opinion of Appellate Division, 163 N. Y. 554; *Baylis* v. *Bullock Electric Mfg. Co.*, 59 App. Div. 576; *McNulty* v. *Mt. Morris Electric Light Co.*, 172 N. Y. 410.)

In *Thomas* v. *Schumacher* (*supra*) the action was placed on the Special Term calendar and brought to trial as a suit in equity. At the close of the evidence the court made a decision dismissing the complaint. It appeared that on the facts alleged and proved the plaintiff established a cause of action at law. The judgment was reversed upon the ground that the court upon reaching the conclusion that it was an action at law and not in equity should have refused equitable relief and sent the issues to be tried at Trial Term before a jury. In *Baylis* v. *Bullock Electric Mfg. Co.* (*supra*) the case was placed upon the Special Term calendar by the defendant; and upon its being moved for trial the defendant moved for a dismissal of the complaint upon the ground that the plaintiff was

not entitled to equitable relief. Upon the denial of this motion the defendant demanded a jury trial, which was also denied, and legal relief was awarded to the plaintiff by the Special Term. This court, reversing the judgment, held that equitable relief only being demanded, the case was properly placed on the Special Term calendar by the defendant; but that inasmuch as on the allegations of the complaint no equitable relief could be awarded and an action at law was stated, the defendant's motion to send the case to the Trial Term should have been granted. In *McNulty* v. *Mt. Morris Electric Light Co.* (*supra*) the plaintiff at the time of commencing the action was a tenant in possession. He brought the action to restrain the operation of the electric light plant as a nuisance. Before the issues were brought to trial at Special Term the plaintiff's tenancy terminated and this was set up as a defense by supplementary answer. Upon the case being moved for trial, defendant's counsel drew the attention of the court to this fact and demanded that the case be stricken from the Special Term calendar or that the issues be sent to the jury calendar. Counsel for the plaintiff opposed the granting of these motions and insisted upon a trial of the issues at Special Term upon the ground that his client having been a tenant in possession at the time the action was brought, the court of equity had jurisdiction, and while it might not award equitable relief, it could retain the action for the purposes of damages. The trial court adopted this view and tried the issues and awarded damages. On an appeal by the defendant to this court the judgment awarding damages was reversed and judgment was directed dismissing the complaint. (*McNulty* v. *Mt. Morris Electric Light Co.*, 56 App. Div. 9.) The plaintiff then appealed to the Court of Appeals, where it was held that it was error to dismiss the complaint and that the issues should have been sent to the jury calendar. The discussion in the prevailing opinion thereon relates largely to the denial of the defendant's motion to strike the case from the equity calendar and send it to the jury calendar upon the ground that the issue remaining was triable in a court of law; but the defendant did not appeal to the Court of Appeals nor was it insisting in that court upon a right to a jury trial. It was content with the judgment of the Appellate Division dismissing the complaint. Prior to that decision and the decision

in *Thomas* v. *Schumacher* (*supra*) the rule to be gleaned from the authorities was, I think, that where an action was brought to trial and tried as a suit in equity, particularly if the complaint were clearly framed in equity, the court might in its discretion dismiss the complaint if the plaintiff was not entitled to equitable relief (*Arnold* v. *Angell*, 62 N. Y. 508; *Hawes* v. *Dobbs*, 137 id. 465; *Ketchum* v. *Depew*, 81 Hun, 278); but if it appeared that the plaintiff was entitled to legal relief the better practice in such case was to send the issues to the Trial Term. (*Ashley* v. *Lehmann*, 54 App. Div. 45; *Emery* v. *Pease*, 20 N. Y. 62; *Cuff* v. *Dorland*, 55 Barb. 482.) In the *McNulty Case* (*supra*), however, it will be observed that the plaintiff only appealed to the Court of Appeals and his complaint had been dismissed. He had not asked for a jury trial, but on the contrary opposed defendant's motion for a jury trial and insisted upon a trial at Special Term. He was not and could not be, in any view of the evidence or of any evidence that might possibly be adduced upon a new trial, entitled to any equitable relief, and yet the dismissal of his complaint was held error. I cannot escape the conclusion that it necessarily follows from that decision that where the complaint is properly framed for equitable relief, but the right to equitable relief is lost before the trial, or where equitable relief is demanded, but a right to legal relief only is alleged or shown, the court may not dismiss the complaint even though the plaintiff brings the issues to trial at Special Term and persists in his right to a trial there, and makes no demand for a jury trial. In *Mittenthal* v. *Rabinowitz* (60 App. Div. 138), cited by appellant, this court held that a case regularly on the Special Term calendar and marked "reserved generally" could be moved upon the day calendar of the Special Term for trial even though it was clearly an action at law. We did not then decide what disposition should be made of a motion such as was made in the case at bar on the issues being moved for trial.

The question remaining to be considered is whether this complaint states facts which, if proven at Special Term, would have entitled the plaintiff to any equitable relief. It is alleged in substance that the defendant employed the plaintiff to procure the necessary capital and interest persons of means in financing an invention or process patented by and belonging to one Wessel for whom the

defendant was acting as agent, upon the promise that if the plaintiff should through his "influence or introductions" procure such capital and interest persons of means in financing said invention, "the defendant would, in consideration thereof, divide and share with the plaintiff equally all that he, the said defendant, should or would receive for himself, out of the said transaction;" that through the efforts of the plaintiff a corporation was organized to operate and exploit the said invention or process and it was sold; that the defendant received as compensation for his services more than 850 shares of stock in the corporation and a sum exceeding $5,000; that the plaintiff has demanded that the defendant account to him for said stock and moneys and that he deliver and pay to the plaintiff an equal one-half thereof, but that this demand has been refused by defendant.  Judgment is demanded for an accounting for these stocks and money, and that defendant be directed to pay over and deliver to the plaintiff the moneys and stock found due to him on such accounting, and for other and further relief, together with costs.  The construction most favorable to the plaintiff would be that this is an action for specific performance of the agreement to deliver over to him one-half the money and one-half the stock received by the defendant.  Manifestly, the plaintiff has an action at law for a breach of this contract, and he fails to state any facts indicating that his remedy at law would be inadequate.  The jurisdiction of a court of equity to decree a specific performance of such a contract involving the transfer or delivery of chattels or choses in action depends upon the inadequacy of the remedy at law.  (20 Ency. Pl. & Pr. 400; *Lochmann* v. *Meehan*, 21 N. Y. Supp. 389; *Emrich* v. *White*, 102 N. Y. 657; *Pennsylvania Coal Co.* v. *Delaware & H. Canal Co.*, 31 id. 91; *Cushman* v. *Thayer Mfg. Jewelry Co.*, 76 id. 365; *Johnson* v. *Brooks*, 93 id. 337.)  The adequacy of a remedy at law is not pleaded in the answer, but where, as here, the want of such remedy is an essential part of the plaintiff's case, the rule that the objection must be taken by answer (*Town of Mentz* v. *Cook*, 108 N. Y. 504, 508; *Lough* v. *Outerbridge*, 143 id. 271) does not, we think, apply. (*Cushman* v. *Thayer Mfg. Jewelry Co., supra; Johnson* v. *Brooks, supra.*)  On proof of the allegations of the complaint, the material parts of which have been stated, a court of equity would not be war-

ranted in granting a specific performance of the contract. The accounting which is demanded does not give equity jurisdiction. If it be not an action for specific performance, it is an action to recover compensation determinable and measured by the profits of the undertaking, and a court of law has ample jurisdiction to take all the accounting that will be necessary to determine the amount that the plaintiff is entitled to recover. (*Thomas* v. *Schumacher, supra; Ashley* v. *Lehmann, supra; Wisner* v. *Consolidated Fruit Jar Co.,* 25 App. Div. 362; *Smith* v. *Bodine,* 74 N. Y. 30; *McCullough* v. *Pence,* 85 Hun, 271; *Parker* v. *Pullman & Co.,* 36 App. Div. 208.) It is clear, therefore, that in no view of the complaint would the plaintiff be entitled to equitable relief. There is no propriety in holding that the Special Term was required to take the proofs before sending the issues to the jury calendar. That would be a useless proceeding, and would unnecessarily take up the time of the court and put the defendant to the trouble, annoyance and expense of two trials.

It follows, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

PATTERSON and HATCH, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

Order affirmed, with ten dollars costs and disbursements.