COURT PRESS, INC., Appellant, *v.* JEROME C. JACKSON, Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1924.

Trial — calendar — case placed on " Reserved Generally " calendar by Municipal Court of City of New York after request by defendant for adjournment — error to deny plaintiff's motion to restore case to trial calendar — court has no discretion under Rules of Municipal Court, rule 9 — order reversed, since it was not made without prejudice.

Where the Municipal Court of the City of New York of its own motion placed a case on the " Reserved Generally " calendar following defendant's application for an adjournment, it has no discretion under rule 9 of the Rules of the Municipal Court, to deny the application of the plaintiff to have the case restored to the trial calendar, since that rule provides that causes may be restored to the trial calendar on three days' notice.

Even though the plaintiff could move again for a restoration of the case to the trial calendar, the previous motion not having been denied without prejudice, the plaintiff is entitled to a reversal, since the trial court should have granted the motion on the merits.

APPEAL by plaintiff from an order of the Municipal Court of the City of New York, Borough of Manhattan, First District, denying its motion to restore the case to the trial calendar.

Appellate Term, First Department, December, 1924.     [Vol. 124

*Alfred B. Nathan,* for the appellant.

*J. A. Gettenberg* [*Jerome C. Jackson* of counsel], for the respondent.

LEVY, J.:

The action is brought to recover for printing done in behalf of the defendant, a practicing attorney. The case was first noticed for trial for February 29, 1924. On an adjourned date, defendant having failed to obtain a further adjournment, plaintiff took an inquest. Thereafter, upon motion made by defendant and granted, the default was opened and the case restored to the trial calendar, on which date both sides answered "ready." When, however, it was called for trial, defendant's counsel requested another adjournment on the ground that defendant was ill. The trial court instead of setting the case down for another day, of its own motion marked it "Reserved Generally." Later, plaintiff moved for an order restoring the case to the trial calendar, but the motion, which was referred to the justice who reserved the case generally, denied the same without granting plaintiff leave to apply again for similar relief. This was error. Manifestly, the court was without power to make the order appealed from. Rule 9 of the Rules of the Municipal Court provides as follows: "There shall be in each district a calendar of causes reserved generally * * *. Causes may be restored to the trial calendar on three days' notice, or on consent of the parties, for a day to be fixed by the court." Passing upon this rule, this court in the case of *Rossmann* v. *Serventi* (177 N. Y. Supp. 855) said:

"It is evident that the foregoing rule gives the court no discretion, when application is made to restore a case to the trial calendar, and that the word 'may' in the rule must be construed as meaning 'must' * * *

"If the rule under consideration could receive any other construction, a case once placed upon the 'reserved generally' calendar might never be removed therefrom, and might eventually be dismissed under the provisions of section 126 of the Municipal Court Code. It follows, therefore, that the order is one which the court had no power to make, is an appealable one, and must be reversed." (See, also, *Mittenthal* v. *Rabinowitz*, 60 App. Div. 138.)

Obviously, the plaintiff has been seriously prejudiced in its rights. Even though it could move again for a restoration of the case to the trial calendar, the previous motion not having been denied without prejudice, plaintiff is still entitled to a reversal, since in the original instance the trial court should have granted the motion on the merits. Failure to do so clearly worked injustice to the plaintiff.

Order reversed, with ten dollars costs, and motion granted. Date of trial to be fixed by the lower court.

All concur; present, Bijur, Wagner and Levy, JJ.