RICHARD J. PEARL, Respondent, Appellant, v. SEVENTH AVENUE FILM Co., LTD., and REGINALD REUBENSON, Appellants, Respondents.† — Order denying defendants' motion to dismiss the first cause of action as to defendant Seventh Avenue Film Co., Ltd., and denying the defendants, appellants' motion to dismiss the second cause of action as to both defendants, in so far as appealed from by the defendants, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with leave to the plaintiff to plead over within ten days from the entry of the order hereon. Upon the cross-appeal of the plaintiff from that portion of the same order which grants the defendants' motion to dismiss the first cause of action as against defendant Reubenson the order is affirmed. Order denying the defendants' motion for an order vacating the order of arrest herein reversed on the law and the facts, and motion granted, with ten dollars costs. We are of opinion that no fiduciary relationship between plaintiff's assignor, Diltz, and defendant Seventh Avenue Film Co., Ltd., resulted from the contract upon which this action is based. The power of attorney is limited to the protection of the rights of the defendant corporation under the agreement. There can be no partnership, since the parties have so agreed. The contract provides for compensation determinable and measured by the proceeds of the undertaking, and a court of law has ample jurisdiction in such a case. (*Everett* v. *DeFontaine,* 78 App. Div. 219.) Since the second cause of action depends upon the soundness of the accounting theory in the first, there can be no conversion. Lazansky, P. J., Young, Hagarty and Tompkins, JJ., concur; Davis, J., concurs for affirmance of that part of the order dismissing the first cause of action as to defendant Reubenson; but dissents and votes to affirm that part of the order denying motion of defendant corporation to dismiss the first cause of action, and of both defendants

---

* Amdg. Laws of 1922, chap. 292, § 16.— [REP.

† Motion to dismiss appeal denied, 262 N. Y. ——.

to dismiss the second cause of action on the ground that the complaint sets up facts constituting a joint adventure, particularly after the time when the two parties to the contract have been repaid the amount of their investment represented by the sums paid for cost of production. Thereafter the sums received for sub-license or sale of the films or pictures came into the hands of the corporate defendant with the duty to account to the plaintiff for one-half of the receipts. This the said defendant failed to do. Its duty was that of a fiduciary, though they were not partners. In the second cause of action sufficient facts are stated to constitute conversion, and equity will either assume jurisdiction to give full relief or direct a severance. Dissents also as to the second order.